WRIGHT, FINLAY & ZAK, LLP
Dana Jonathon Nitz, Esq.
Nevada Bar No. 0050
Christina V. Miller, Esq.
Nevada Bar No. 12448
7785 W. Sahara Ave., Suite 200
Las Vegas, NV 89117
(702) 475-7964; Fax: (702) 946-1345
cmiller@wrightlegal.net
*Attorneys for Plaintiff,*
*USROF IV Legal Title Trust 2015-1, by*
*U.S. Bank National Association, as Legal*
*Title Trustee*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| USROF IV LEGAL TITLE TRUST 2015-1, BY U.S. BANK NATIONAL ASSOCIATION, AS LEGAL TITLE TRUSTEE, | Case No.: |
| Plaintiff, | **COMPLAINT** |
| vs. | |
| SPINNAKER POINT AVENUE TRUST; RIVER GLIDER AVENUE TRUST; SATICOY BAY, LLC SERIES 5982 SPINNAKER POINT AVENUE; MOUNTAIN GATE HOMEOWNERS' ASSOCIATION; ABSOLUTE COLLECTION SERVICES, LLC; | |
| Defendants. | |

COMES NOW Plaintiff, USROF IV Legal Title Trust 2015-1, by U.S. Bank National Association, as Legal Title Trustee (hereinafter "U.S. Bank" or "Plaintiff"), by and through its attorneys of record, Dana Jonathon Nitz, Esq., and Christina V. Miller, Esq., of the law firm of Wright, Finlay & Zak, LLP, and hereby files this civil action against the Defendants.

## PARTIES, JURISDICTION AND VENUE

1.      The real property at issue is known as 5982 Spinnaker Point Avenue, Las Vegas, Nevada 89110, APN: 140-34-312-001 (hereinafter, the "Property").

2.     The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332, as Plaintiff is a "citizen of different States" from all defendants and the amount in controversy exceeds $75,000, exclusive of interest and costs. This Court also has original federal question jurisdiction under 28 U.S.C. § 1331 because Plaintiff, U.S. Bank is asserting civil claims arising under the Constitution, laws, or treaties of the United States.

3.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1)-(2) because Defendant resides in this district; a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district; and the Property that is the subject of this action is situated in this district, in Las Vegas, Clark County, Nevada.

4.     Plaintiff is a national banking association, with its main office located in Minnesota, organized and existing under the laws of the United States.

5.     Plaintiff is now and at all times relevant herein, the assigned Beneficiary under a Deed of Trust signed by Jeffry N. Flores Castillo (hereinafter "Castillo"), and recorded on September 14, 2009, (hereinafter "Deed of Trust"), which encumbers the Property and secures a promissory note.

6.     Upon information and belief, Spinnaker Point Avenue Trust (hereinafter "Buyer"), is an entity of unknown form, and bought the Property at the HOA Sale.

7.     Upon information and belief, River Glider Avenue Trust (hereinafter "River Glider") is an entity of unknown form, and was deeded the property from Buyer after the HOA Sale.

8.     Upon information and belief, Saticoy Bay, LLC Series 5982 Spinnaker Point Avenue (hereinafter "Subsequent Buyer") is a Nevada domestic limited liability company licensed to do business in Nevada, and claims to be the current titleholder of the Property.

9.     Upon information and belief, Defendant, Mountain Gate Homeowners' Association (hereinafter the "HOA") is a Nevada domestic non-profit Corporation, licensed to do business in the State of Nevada, and was the HOA that foreclosed on the Property.

10.    Upon information and belief, Defendant, Absolute Collection Services, LLC (hereinafter "HOA Trustee") is a Nevada domestic limited liability company licensed to do

business in the State of Nevada, and acted as the foreclosure trustee, which allegedly mailed and served the foreclosure notices, if any, and cried the foreclosure sale for the HOA.

**GENERAL ALLEGATIONS**

**11.**    On or about September 14, 2009, Castillo purchased the Property.[1]

**12.**    The Deed of Trust executed by Castillo identified Evofi One as the Lender, Mortgage Electronic Registration Systems, Inc. ("MERS") as the Beneficiary acting solely as a nominee for Lender and Lender's successors and assigns, and Ticor Title of Nevada, Inc. as the Trustee, securing a loan in the amount of $176,739.00 (hereinafter the "Castillo Loan").[2]

**13.**    The Castillo Loan is insured by the Federal Housing Administration ("FHA"), an agency of the United States of America.

**14.**    FHA's case number on the Deed of Trust is 332-4948598-703.

**15.**    On December 1, 2011, an Assignment of Deed of Trust was recorded in which MERS, as nominee for Evofi One, assigned the Deed of Trust to Bank of America, N.A., Successor by Merger to BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing, LP.[3]

**16.**    On March 28, 2014, an Assignment of Deed of Trust was recorded in which Bank of America, N.A., Successor by Merger to BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing, LP assigned the Deed of Trust to U.S. Bank National Association, as Trustee for SROF-2013-M4 REMIC Trust I.[4]

**17.**    On May 29, 2014, an Assignment of Deed of Trust was recorded in which Bank of America, N.A., Successor by Merger to BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing, LP assigned the Deed of Trust to Secretary of Housing and Urban

---

[1] A true and correct copy of the Grant, Bargain and Sale Deed recorded in the Clark County Recorder's Office as Book and Instrument Number 20090914-0000360 is attached hereto as **Exhibit 1**. All other recordings stated hereafter are recorded in the same manner.

[2] A true and correct copy of the Deed of Trust recorded as Book and Instrument Number 20090914-0000362 is attached hereto as **Exhibit 2.**

[3] A true and correct copy of the Assignment recorded as Book and Instrument Number 20111201-0000515 is attached hereto as **Exhibit 3.**

[4] A true and correct copy of the Assignment of Deed of Trust recorded as Book and Instrument Number 20140328-0001835 is attached hereto as **Exhibit 4.**

1   Development.[5]

2       18.     On July 1, 2014, an Assignment of Deed of Trust was recorded in which

3   Secretary of Housing and Urban Development assigned the Deed of Trust to U.S. Bank National

4   Association, as Trustee for SROF-2013-M4 REMIC Trust I.[6]

5       19.     On July 20, 2015, an Assignment of Deed of Trust was recorded in which U.S.

6   Bank National Association, as Trustee for SROF-2013-M4 REMIC Trust I assigned the Deed of

7   Trust to USROF IV Legal Title Trust 2015-1, by U.S. Bank National Association, as Legal Title

8   Trustee.[7]

9       20.     On October 28, 2010, a Notice of Delinquent Assessment ("HOA Lien") was

10  recorded against the Property by the HOA Trustee, on behalf of the HOA.[8]

11      21.     On April 12, 2011, a Notice of Default and Election to Sell Under Homeowners

12  Association Lien was recorded against the Property by the HOA Trustee on behalf of the HOA,

13  stating that the amount due as of April 11, 2011 was $1,431.37.[9]

14      22.     On November 4, 2011, a Notice of Trustee's Sale was recorded against the

15  Property by the HOA Trustee on behalf of the HOA, stating that the amount due as of the initial

16  publication of the Notice of Trustee's Sale was $2,587.55.[10]

17      23.     Upon information and belief, pursuant to the Trustee's Deed Upon Sale, a non-

18  judicial foreclosure sale occurred on February 14, 2012 (hereinafter, the "HOA Sale"), whereby

19  Buyer acquired its interest, if any, in the Property for $6,000.00.[11]

20  _____

21  [5] A true and correct copy of the Assignment of Deed of Trust recorded as Book and Instrument Number 20140529-0000129 is attached hereto as **Exhibit 5.**

22  [6] A true and correct copy of the Assignment of Deed of Trust recorded as Book and Instrument Number 20140701-0002299 is attached hereto as **Exhibit 6.**

23  [7] A true and correct copy of the Assignment of Deed of Trust recorded as Book and Instrument Number 20150720-0000610 is attached hereto as **Exhibit 7.**

24  [8] A true and correct copy of the Notice of Delinquent Assessment (Lien) recorded as Book and Instrument Number 201010280002194 is attached hereto as **Exhibit 8.**

25  [9] A true and correct copy of the Notice of Default and Election to Sell recorded as Book and Instrument Number 201104120001899 is attached hereto as **Exhibit 9.**

26  [10] A true and correct copy of the Notice of Trustee's Sale recorded as Book and Instrument Number 201111040000409 is attached hereto as **Exhibit 10.**

27  [11] A true and correct copy of the Trustee's Deed Upon Sale recorded as Book and Instrument Number 20120215-0000673 is attached hereto as **Exhibit 11.**

28

24.     The Trustee's Deed Upon Sale stated that the amount of the unpaid debt together with costs at the time of the HOA Sale was $6,000.00.

25.     Upon information and belief, on June 28, 2012, a Grant, Bargain, Sale Deed was recorded whereby Buyer conveyed the property to River Glider Avenue Trust.[12]

26.     Upon information and belief, on July 9, 2014, a Grant, Bargain, Sale Deed was recorded whereby Buyer conveyed the property to Saticoy Bay, LLC Series 5982 Spinnaker Point Avenue.[13]

27.     A homeowner's association sale conducted pursuant to NRS Chapter 116 must comply with all notice provisions as stated in NRS 116.31162 through NRS 116.31168 and NRS 107.090.

28.     A lender or holder of a beneficial interest in a senior deed of trust, such as Plaintiff and its predecessors-in-interest in the Deed of Trust, has a right to cure a delinquent homeowner's association lien in order to protect its interest.

29.     Upon information and belief, the Declaration of Covenants, Conditions, Restrictions and Reservation of Easements for the HOA ("CC&Rs") require reasonable notice of delinquency to all lien holders on the Property.

30.     Upon information and belief, the HOA and its agent, the HOA Trustee, did not comply with all mailing and noticing requirements stated in NRS 116.31162 through NRS 116.31168, or as required by the CC&Rs.

31.     A recorded notice of default must "describe the deficiency in payment."

32.     The above-identified Notice of Default did not properly "describe the deficiency in payment" in violation of NRS Chapter 116.

33.     The HOA assessment lien and foreclosure notices included improper fees and costs in amount demanded.

34.     The HOA Sale occurred without notice to Plaintiff, or its predecessors, agents,

---

[12] A true and correct copy of the Grant, Bargain, Sale Deed recorded as Book and Instrument Number 20120628-0002846 is attached hereto as **Exhibit 12**.
[13] A true and correct copy of the Grant, Bargain, Sale Deed recorded as Book and Instrument Number 20140709-0002265 is attached hereto as **Exhibit 13**.

servicers or trustees, what proportion whether any amount of the HOA lien included a super-priority amount.

35.    The HOA Sale occurred without notice to Plaintiff, or its predecessors, agents, servicers or trustees, whether the HOA was foreclosing on the "super-priority" portion of its lien, if any, or under the non-super-priority portion of the lien.

36.    The HOA Sale occurred without notice to Plaintiff, or its predecessors, agents, servicers or trustees, of a right to cure the delinquent assessments and the super-priority lien, if any.

37.    The HOA Sale violated Plaintiff's rights to due process because Plaintiff was not given proper, adequate notice and the opportunity to cure the deficiency or default in the payment of the HOA's assessments and the super-priority lien, if any.

38.    The HOA Sale was an invalid sale and could not have extinguished Plaintiff's secured interest because of defects in the notices given to Plaintiff, or its predecessors, agents, servicers or trustees, if any.

39.    Under NRS Chapter 116, a lien under NRS 116.3116(1) can only include costs and fees that are specifically enumerated in the statute.

40.    A homeowner's association may only collect as a part of the super priority lien (a) nuisance abatement charges incurred by the association pursuant to NRS 116.310312 and (b) nine months of common assessments which became due prior to the institution of an action to enforce the lien.

41.    Upon information and belief, the HOA Foreclosure Notices included improper fees and costs in the amount demanded.

42.    The attorney's fees and the costs of collecting on a homeowner's association lien cannot be included in the super-priority lien.

43.    Upon information and belief, the HOA assessment lien and foreclosure notices included fines, interest, late fees, dues, attorney's fees, and costs of collection that are not properly included in a super-priority lien under Nevada law and that are not permissible under NRS 116.3102 et seq.

44.    The HOA Sale did not comply with NRS 116.3102 et seq. because none of the aforementioned notices identified above identified what portion of the claimed lien were for alleged late fees, interest, fines/violations, or collection fees/costs.

45.    The HOA Sale deprived Plaintiff of its right to due process because the foreclosure notices failed to identify the super-priority amount, to adequately describe the deficiency in payment, to provide Plaintiff notice of the correct super-priority amount, and to provide a reasonable opportunity to satisfy that amount.

46.    Alternatively, the sale itself was valid but Buyer took its interest subject to Plaintiff's first position Deed of Trust.

47.    The HOA Sale is unlawful and void because the "opt-in" provision in NRS 116.3116 does not satisfy Constitutional Due Process safeguards under the 5th and 14th Amendment to the United States Constitution, nor Clause 1, Section 8, of the Nevada Constitution, so that the statute is unconstitutional on its face.

48.    The HOA Sale is unlawful and void because the statutory scheme set forth in NRS 116.3116, et seq. constitutes a regulatory taking of private property without adequate compensation.

49.    NRS Chapter 116 is unconstitutional on its face as it lacks any express requirement for the HOA or its agents to provide notice of a foreclosure to the holder of a first deed of trust or mortgage.

50.    NRS Chapter 116 is unconstitutional on its face as it lacks any express requirement for the HOA or its agents to provide notice of the super-priority amount, if any, to the holder of a first deed of trust or mortgage to accept tender of the super-priority amount or any amount from the holder.

51.    NRS Chapter 116 is unconstitutional on its face due to vagueness and ambiguity.

52.    A homeowner's association sale must be done in a commercially reasonable manner.

53.    At the time of the HOA Sale, the amount owed on the Castillo Loan exceeded $172,272.00.

54.     Upon information and belief, at the time of the HOA Sale, the fair market value of the Property exceeded $137,000.00.

55.     The amount paid at the HOA Sale allegedly totaled $6,000.00.

56.     The HOA Sale was not commercially reasonable, and the HOA Sale was not done in good faith, in light of the sale price, and the market value of the Property, and the errors alleged above.

57.     The circumstances of the HOA Sale of the Property breached the HOA's obligations of good faith under NRS 116.1113 and its duty to act in a commercially reasonable manner.

58.     The HOA Sale by which Buyer, and any successors in interest, took their interest was commercially unreasonable if it extinguished Plaintiff's Deed of Trust.

59.     In the alternative, the HOA Sale was an invalid sale and could not have extinguished Plaintiff's secured interest because it was not a commercially reasonable sale.

60.     Without providing Plaintiff, or its predecessors, agents, servicers or trustees, notice of the correct super-priority amount and a reasonable opportunity to satisfy that amount, including its failure to identify the super-priority amount and its failure to adequately describe the deficiency in payment as required by Nevada law, the HOA Sale is commercially unreasonable and deprived Plaintiff of its right to due process.

61.     Pursuant to NRS 116.31162(1) an association may only proceed with foreclosure under NRS 116.31162-116.31168 if the declaration or CC&Rs so provide.

62.     Upon information and belief, the HOA and HOA Trustee failed to comply with all requirements set forth in the CC&Rs, including any mortgage protection provisions.

63.     Upon information and belief, because the recorded CC&Rs contained a Mortgagee Protection Clause, and because Plaintiff, or its predecessors, agents, servicers or trustees, were not given proper notice that the HOA intended to foreclose on the super-priority portion of the dues owe, Plaintiff did not know that it had to attend the HOA Sale to protect its security interest.

64.     Upon information and belief, because the recorded CC&Rs contained a

Mortgagee Protection Clause, and because proper notice that the HOA intended to foreclose on the super-priority portion of the dues owing was not given, prospective bidders did not appear for the HOA Sale, making the HOA Sale commercially unreasonable.

65.     Defendants knew that Plaintiff would rely on the Mortgagee Protection Clause contained in the recorded CC&Rs which are of public record, and knew that Plaintiff would not know that HOA was foreclosing on super-priority amounts because of the failure of HOA and HOA Trustee to provide such notice.  Plaintiff's absence from the HOA Sale allowed Buyer to appear at the HOA Sale and purchase the Property for a fraction of market value, making the HOA Sale commercially unreasonable.

66.     Defendants knew that prospective bidders would be less likely to attend the HOA Sale because the public at large believed that Plaintiff was protected under the Mortgagee Protection Clause in the CC&Rs of public record, and that the public at large did not receive notice, constructive or actual, that the HOA was foreclosing on a super-priority portion of its lien because HOA and HOA Trustee improperly failed to provide such notice.  The general public's belief therefore was that a buyer at the HOA Sale would take title to the Property subject to Plaintiff's Deed of Trust.  This general belief resulted in the absence of prospective bidders at the HOA Sale, which allowed Buyer to appear at the HOA Sale and purchase the Property for a fraction of market value, making the HOA Sale commercially unreasonable.

67.     The circumstances of the HOA Sale of the Property breached the HOA's and the HOA Trustee's obligations of good faith under NRS 116.1113 and their duty to act in a commercially reasonable manner.

68.     Upon information and belief, Buyer, River Glider and Subsequent Buyer are in the business of buying and selling real estate and/or are otherwise professional property purchasers, and either knew or should have known of defects with the HOA Sale based on the sales price, among other factors.

69.     The circumstances of the HOA Sale of the Property and Buyer, River Glider and Subsequent Buyer's status as a professional property purchaser prevent them from being deemed a bona fide purchaser for value.

70.     Upon information and belief, Buyer, River Glider and Subsequent Buyer had actual, constructive or inquiry notice of Plaintiff's first Deed of Trust, and the CC&Rs including the Mortgage Protection Clause which prevents them from being deemed a bona fide purchaser or encumbrancer for value.

71.     Upon information and belief, Buyer, River Glider and Subsequent Buyer knew or should have known that they would not be able to obtain insurable title to the Property as a result of the HOA Sale.

72.     As a direct and proximate result of the foregoing, Buyer, River Glider and Subsequent Buyer are not entitled to bona fide purchaser protection.

73.     In the event Plaintiff's interest in the Property is not reaffirmed nor restored, Plaintiff suffered damages in the amount of the fair market value of the Property or the unpaid balance of the Castillo Loan and Deed of Trust, at the time of the HOA Sale, whichever is greater, as a proximate result of Defendant's acts and omissions.

### FIRST CAUSE OF ACTION
**(Quiet Title/Declaratory Relief Pursuant to 28 U.S.C. § 2201,
NRS 30.010 et seq., and NRS 40.010 – Against All Defendants)**

74.     Plaintiff incorporates and re-alleges all previous paragraphs, as if fully set forth herein.

75.     Pursuant to 28 U.S.C. § 2201, NRS 30.010 et seq., and NRS 40.010, this Court has the power and authority to declare Plaintiff's rights and interests in the Property and to resolve Defendant's adverse claims in the Property.

76.     Further, pursuant to NRS 30.010 et seq., this Court has the power and authority to declare the rights and interests of the parties following the acts and omissions of the HOA and HOA Trustee in foreclosing the Property.

77.     Plaintiff's Deed of Trust is the first secured interest on the Property as intended by and whose priority is protected by NRS 116.3116(2)(b).

78.     Upon information and belief, Buyer, River Glider and Subsequent Buyer claim an interest in the Property through a Foreclosure Deed recorded in the Clark County Recorder's Office as Book and Instrument Number 20120215-0000673 that is adverse to Plaintiff's interest.

**79.** Plaintiff is the current beneficiary under the Deed of Trust and the Castillo Loan and is entitled to enforce its interest and first position status in the chain of title against Buyer, or any successor in interest, for the reasons alleged herein.

**80.** Because the CC&Rs and the Mortgage Protection Clause did not provide the HOA with authority to foreclose on the Property, the HOA Sale could not have extinguished the Deed of Trust or displaced it from its first position status in the chain of title, such that Buyer, River Glider and Subsequent Buyer took subject to the Deed of Trust. Or in the alternative, the HOA Sale is void, invalid and/or should be set aside.

**81.** Because, upon information and belief, the HOA and the HOA Trustee failed to provide proper, adequate and sufficient notices required by Nevada law and the CC&Rs, the HOA Sale could not have extinguished the Deed of Trust or displaced it from its first position status in the chain of title, such that Buyer, River Glider and Subsequent Buyer took subject to the Deed of Trust. Or in the alternative, the HOA Sale is void, invalid and/or should be set aside.

**82.** Based on the adverse claims being asserted by the parties, Plaintiff is entitled to a judicial determination regarding the rights and interests of the respective parties to the case.

**83.** A justiciable controversy exists between Plaintiff and Defendants and Plaintiff has a legally protectable interest in the controversy. The issue is ripe for judicial determination.

**84.** Upon information and belief, the Castillo Loan is insured by the Federal Housing Administration ("FHA").

**85.** Title or a mortgage interest in real property held by a federal agency is federal property that is protected by the U.S. Constitution.

**86.** The Property Clause of the U.S. Constitution applies and prevents Plaintiff's interest through its Deed of Trust from being divested by the HOA Sale.

**87.** The Supremacy Clause of the U.S. Constitution applies and prevents Plaintiff's interest through its Deed of Trust from being divested by the HOA Sale.

**88.** Applying NRS Chapter 116 or other state law in a manner that extinguishes Plaintiff's Deed of Trust would violate the Property and Supremacy Clauses of the United States Constitution.

89.     Since the Castillo Loan is a FHA loan, it is a federally protected property interest that cannot be divested by the actions of the Nevada Legislature through NRS Chapter 116.

90.     For all the reasons set forth above and in the Factual Background, Plaintiff is entitled to a determination from this Court, pursuant to 28 U.S.C. § 2201, NRS 30.010 and NRS 40.010, that Plaintiff is the beneficiary of a first position Deed of Trust which still encumbers the Property.

91.     Based upon the foregoing, Plaintiff is entitled to a determination from this Court, pursuant to 28 U.S.C. § 2201, NRS 30.010 and NRS 40.010, that the purported HOA Sale did not extinguish the Deed of Trust because it was conducted in violation of NRS 116.3116 *et seq.* and the CC&Rs.

92.     Plaintiff is entitled to a determination from this Court, pursuant to 28 U.S.C. § 2201, NRS 30.010 and NRS 40.010, that Plaintiff's secured interest by virtue of its Deed of Trust is superior to the interest, if any, acquired by Buyer, River Glider and Subsequent Buyer through the Foreclosure Deed and all other parties, if any.

93.     In the alternative, if it is found under state law that Plaintiff's interest could have been extinguished by the HOA Sale, for all the reasons set forth above and in the Factual Background, Plaintiff is entitled to a determination from this Court, pursuant to 28 U.S.C. § 2201, NRS 30.010 and NRS 40.010, that the HOA Sale was void, invalid and/or should be set aside and conveyed no legitimate interest to Buyer, River Glider or Subsequent Buyer.

94.     Plaintiff has been compelled to retain counsel to represent it in this matter and has and will continue to incur attorney's fees and costs.

### SECOND CAUSE OF ACTION
**(Declaratory Relief Under Amendments V and XIV**
**to the United States Constitution – Against All Defendants)**

95.     Plaintiff incorporates and re-alleges all previous paragraphs, as if fully set forth herein.

96.     Pursuant to 28 U.S.C. § 2201, this Court is empowered to declare the rights and legal relations of the parties in this matter, both generally and in relation to the foreclosure sale

and the Property.

97.     On its face, NRS 116.3116 *et seq.*, prior to its amendment effective October 1, 2015, violated Plaintiff's constitutional rights to due process secured by the Fifth and Fourteenth Amendments to the United States Constitution. *See Bourne Valley Court Trust v. Wells Fargo Bank, N.A.*, 832 F.3d 1154 (9th Cir. 2016).

98.     Any purported notice provided was inadequate, insufficient, and in violation of Plaintiff's rights to due process.

99.     An actual and justiciable controversy exists between Plaintiff and Defendants regarding the purported HOA Sale and the rights associated with the HOA Sale.

100.     Without declaratory relief interpreting the constitutional validity of NRS 116.3116 *et seq.* prior to its amendment effective October 1, 2015, Plaintiff's rights will be adversely affected.

101.     Plaintiff is entitled to a declaration that the purported HOA Sale conducted under NRS 116.3116 *et seq.* did not extinguish the Deed of Trust, which continued as a valid encumbrance against the Property.

102.     Based upon the foregoing, Plaintiff requests an order declaring that the purported HOA Sale did not extinguish the Deed of Trust because it was conducted under NRS 116.3116 *et seq.* prior to its amendment effective October 1, 2015, which on its face violated Plaintiff's rights to due process under the Fifth and Fourteenth Amendments to the United States Constitution.

103.     Plaintiff has been compelled to retain counsel to represent it in this matter and has and will continue to incur attorney's fees and costs.

### THIRD CAUSE OF ACTION
**(Quiet Title Under the Amendments V and XIV
to the United States Constitution – Against Buyer, River Glider and Subsequent Buyer)**

104.     Plaintiff incorporates and re-alleges all previous paragraphs, as if fully set forth herein.

105.     Pursuant to 28 U.S.C. § 2201 and NRS 40.010, this Court is empowered to declare the rights and legal relations of the parties in this matter, both generally and in relation to

the foreclosure sale and the Property.

106.    The Deed of Trust is a first secured interest in the Property.  Plaintiff owns the Deed of Trust and is beneficiary of record of the Deed of Trust.

107.    Buyer, River Glider and Subsequent Buyer claim an interest in the Property which is adverse to Plaintiff's interest.

108.    On its face, NRS 116.3116 *et seq*., prior to its amendment effective October 1, 2015, violated Plaintiff's constitutional rights to due process secured by the Fifth and Fourteenth Amendments to the United States Constitution and thus did not extinguish the Deed of Trust. *See Bourne Valley Court Trust v. Wells Fargo Bank*, *N.A.*, 832 F.3d 1154 (9th Cir. 2016).

109.    Any purported notice provided was inadequate, insufficient, and in violation of Plaintiff's rights to due process under the Fifth and Fourteenth Amendment to the United States Constitution.

110.    Based on the adverse claims being asserted by the parties, Plaintiff is entitled to a judicial determination that the Deed of Trust continues to encumber the Property after the HOA Sale and subsequent transfer via the Foreclosure Deed.

111.    Plaintiff is entitled to a determination that the HOA Sale (and any subsequent transfers) did not convey the Property free and clear of the Deed of Trust to the Buyer at the HOA Sale, and thus that any interest acquired by Buyer, River Glider and Subsequent Buyer is subject to the Deed of Trust.

112.    Plaintiff has been compelled to retain counsel to represent it in this matter and has and will continue to incur attorney's fees and costs.

## FOURTH CAUSE OF ACTION
### (Permanent and Preliminary Injunction versus Buyer, River Glider and Subsequent Buyer)

113.    Plaintiff incorporates by reference the allegations of all previous paragraphs, as if fully set forth herein.

114.    As set forth above, Buyer, River Glide and Subsequent Buyer may claim an ownership interest in the Property that is adverse to Plaintiff.

115.    Any sale or transfer of the Property, prior to a judicial determination concerning the respective rights and interests of the parties to the case, may be rendered invalid if Plaintiff's Deed of Trust still encumbered the Property in first position and was not extinguished by the HOA Sale.

116.    Plaintiff has a reasonable probability of success on the merits of the Complaint, for which compensatory damages will not compensate Plaintiff for the irreparable harm of the loss of title to a bona fide purchaser or loss of the first position priority status secured by the Property.

117.    Plaintiff has no adequate remedy at law due to the uniqueness of the Property involved in the case.

118.    Plaintiff is entitled to a preliminary injunction and permanent injunction prohibiting Buyer, River Glider and Subsequent Buyer, their successors, assigns, and agents from conducting any sale, transfer or encumbrance of the Property if it is claimed to be superior to Plaintiff's Deed of Trust or not subject to that Deed of Trust.

119.    Plaintiff is entitled to a preliminary injunction requiring Buyer, River Glider and Subsequent Buyer to pay all taxes, insurance and homeowner's association dues during the pendency of this action.

120.    Plaintiff is entitled to a preliminary injunction requiring Buyer, River Glider and Subsequent Buyer to segregate and deposit all rents with the Court or a Court-approved trust account over which they have no control during the pendency of this action.

121.    Plaintiff has been compelled to retain counsel to represent it in this matter and has and will continue to incur attorney's fees and costs.

### FIFTH CAUSE OF ACTION
### (Unjust Enrichment versus All Defendants)

122.    Plaintiff incorporates and re-alleges all previous paragraphs, as if fully set forth herein.

123.    Plaintiff has been deprived of the benefit of its secured deed of trust by the actions of Buyer.

124.    Defendants have benefitted from the unlawful HOA Sale and nature of the real property.

125.    Defendants have benefitted from Plaintiff's payment of taxes, insurance or homeowner's association assessments since the time of the HOA Sale.

126.    Should Plaintiff's Complaint be successful in quieting title against Buyer, River Glider and Subsequent Buyer and setting aside the HOA Sale, Defendants will have been unjustly enriched by the HOA Sale and usage of the Property.

127.    Plaintiff will have suffered damages if Defendants are allowed to retain their interests in the Property and/or the funds received from the HOA Sale.

128.    Plaintiff will have suffered damages if Defendants are allowed to retain their interest in the Property and the benefit of Plaintiff's payment of taxes, insurance or homeowner's association assessments since the time of the HOA Sale.

129.    Plaintiff is entitled to general and special damages.

130.    Plaintiff has been compelled to retain counsel to represent it in this matter and has and will continue to incur attorney's fees and costs.

## PRAYER

Wherefore, Plaintiff prays for judgment against the Defendants as follows:

1.    For a declaration and determination that Plaintiff's interest is secured against the Property, and that Plaintiff's first Deed of Trust was not extinguished by the HOA Sale;

2.    For a declaration and determination that Buyer's interest, and any and all successors' interest, in the Property, if any, is subject to the Deed of Trust;

3.    For a declaration and determination that the HOA Sale was invalid to the extent it purports to convey the Property free and clear to Buyer;

4.    In the alternative, for a declaration and determination that the HOA Sale was void, invalid and/or should be set aside and conveyed no legitimate interest to Buyer;

5.    In the alternative, for a declaration and determination that the HOA Foreclosure

1    Sale did not extinguish the Deed of Trust because it was conducted under a statute

2    that facially violated Plaintiff's rights to due process;

3    6.    For a preliminary injunction that Buyer, its successors, assigns, and agents,

4    including but not limited to River Glider and Subsequent Buyer, are prohibited

5    from conducting a sale or transfer of the Property and representing the sale is free

6    and clear of the Deed of Trust, unless Buyer, River Glider or Subsequent Buyer

7    tenders payment of the debt secured by the Deed of Trust, or from encumbering

8    the Property during the pendency of this action;

9    7.    For a preliminary injunction that Buyer, its successors, assigns, and agents,

10    including but not limited to River Glider and Subsequent Buyer pay all taxes,

11    insurance and homeowner's association dues during the pendency of this action;

12    8.    For a preliminary injunction that Buyer, its successors, assigns, and agents,

13    including but not limited to River Glider and Subsequent Buyer be required to

14    segregate and deposit all rents with the Court or a Court-approved trust account

15    over which Buyer, River Glider and Subsequent Buyer have no control during the

16    pendency of this action;

17    9.    If it is determined that Plaintiff's Deed of Trust has been extinguished by the

18    HOA Sale, for special damages in the amount of the fair market value of the

19    Property or the unpaid balance of the Castillo Loan and Deed of Trust, at the time

20    of the HOA Sale, whichever is greater;

21    10.    For general and special damages;

22    11.    For attorney's fees;

23    ///

24    ///

25    ///

26    ///

27    ///

28    ///

12.    For costs incurred herein, including post-judgment costs; and

13.    For any and all further relief deemed appropriate by this Court.

DATED this 9th day of February, 2017.

WRIGHT, FINLAY & ZAK, LLP

_/s/ Christina V. Miller, Esq._
Dana Jonathon Nitz, Esq.
Nevada Bar No. 0050
Christina V. Miller, Esq.
Nevada Bar No. 12448
7785 W. Sahara Ave., Suite 200
Las Vegas, Nevada 89117
*Attorneys for Plaintiff,*
*USROF IV Legal Title Trust 2015-1, by*
*U.S. Bank National Association, as Legal*
*Title Trustee*

# EXHIBIT 1 – GRANT BARGAIN SALE DEED

Inst#: 200909140000360 Fees:$16.00 N/C Fee:$0.00 RPTT: $918.00 Ex:#  09/14/2009
08:01:35 AM Receipt#: 53643 Requestor:TICOR TITLE LAS VEGAS Recorded By:ANI
Pgs:4 DEBBIE CONWAY CLARK COUNTY RECORDER

APN No.: 140-34-312-001

WHEN RECORDED MAIL TO:
Jeffry N. Flores Castillo
5982 Spinnaker Point Avenue
Las Vegas, NV 89110

MAIL TAX STATEMENTS TO:
Same As Above

Escrow No. 9150459-CC

SPACE ABOVE FOR RECORDER'S USE ONLY

R.P.T.T. $ 918.00

### GRANT, BARGAIN, SALE DEED

THIS INDENTURE WITNESSETH:  That **GMAC Mortgage, LLC**

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged, do/does
hereby Grant, Bargain, Sell and Convey to

**Jeffry N. Flores Castillo, a married man as his sole and separate property**

all that real property situated in the County of Clark, State of Nevada, described as follows:

SEE EXHIBIT "A" ATTACHED HERETO AND BY REFERENCE MADE A PART
HEREOF

Together with all and singular the tenements, hereditaments and appurtenances thereunto belonging
or in anywise appertaining.

**SEE PAGE TWO (2) FOR SIGNATURES AND NOTARY ACKNOWLEDGEMENT**

Instrument # 200909140000360 Page: 2 of 4

SIGNATURES AND NOTARY ACKNOWLEDGEMENT FOR GRANT BARGAIN SALE DEED

Escrow No. 9150459-CC

GMAC Mortgage, LLC

By _Amanda Bryant_

_Amanda Bryant_

STATE OF _California_ } ss:
COUNTY OF _Orange_

This instrument was acknowledged before me on , _August 5, 2009_
by _Amanda Bryant_

_Shannon Herod_
NOTARY PUBLIC

SHANNON HEROD
COMM. #1748609
NOTARY PUBLIC•CALIFORNIA
Los Angeles County
Comm. Expires Jun 2, 2011

10-2-11

Branch :FLV,User :CON2                Comment:                                    Station Id :REOR

Instrument # 200909140000360 Page: 3 of 4

**EXHIBIT "ONE"**

**LEGAL DESCRIPTION**

LOT ONE (1) IN BLOCK ONE (1) OF SPINNAKER HOMES AT SUNRISE MOUNTAIN UNIT 1, AS SHOWN BY MAP THEREOF ON FILE IN BOOK 86 OF PLATS, PAGE 32 RECORDED SEPTEMBER 28, 1998 IN BOOK 980928 AS DOCUMENT NO. 00600 AND AMENDED BY A CERTAIN CERTIFICATE OF AMENDMENT RECORDED NOVEMBER 16, 1998 IN BOOK 981116 AS DOCUMENT NO. 01413 IN THE OFFICE OF THE COUNTY RECORDER OF CLARK COUNTY, NEVADA.

5982 Spinnaker Point Ave, Las Vegas NV

Instrument # 200909140000360 Page: 4 End of Document

**STATE OF NEVADA**
**DECLARATION OF VALUE FORM**

1. Assessor Parcel Number(s)
   a) 140-34-312-001 _____
   b) _____
   c) _____
   d) _____

2. Type of Property:
   a) ☐ Vacant Land      b) ☑ Single Fam. Res
   c) ☐ Condo/Twnhse   d) ☐ 2-4 Plex
   e) ☐ Apt. Bldg         f) ☐ Comm'l/Ind'l
   g) ☐ Agricultural       h) ☐ Mobile Home
   ☐ Other_____

   | FOR RECORDER'S OPTIONAL USE ONLY |
   |---|
   | Book:_____ Page:_____ |
   | Date of Recording:_____ |
   | Notes:_____ |

3. a. Total Value/Sales Price of Property:        $180,000.00 _____
   b. Deed in Lieu of Foreclosure Only (value of property)   (_____)
   c. Transfer Tax Value:                                  $180,000.00 _____
   d. Real Property Tax Due:                               $ 918.00 _____

4. If Exemption Claimed:
   a. Transfer Tax Exemption per NRS 375.090, Section _____
   b. Explain Reason for Exemption: _____

5. Partial Interest: Percentage being transferred: 100%
   The undersigned declares and acknowledges, under penalty of perjury, pursuant to NRS 375.060 and NRS 375.110, that the information provided is correct to the best of their information and belief, and can be supported by documentation if called upon to substantiate the information provided herein. Furthermore, the parties agree that disallowance of any claimed exemption, or other determination of additional tax due, may result in a penalty of 10% of the tax due plus interest at 1% per month. Pursuant to NRS 375.030, the Buyer and Seller shall be jointly and severally liable for any additional amount owed.

   Signature _____                Capacity Grantee  BUYER _____
   Signature _____                Capacity _____

| **SELLER (GRANTOR) INFORMATION** **(REQUIRED)** | **BUYER (GRANTEE) INFORMATION** **(REQUIRED)** |
|---|---|
| Print Name: GMAC Mortgage, LLC | Print Name: Jeffry N. Flores Castillo |
| Address: 1100 Virginia Drive | Address: 5982 Spinnaker Point Avenue |
| City: Fort Washington, PA 19034 | City: Las Vegas, NV  89110 |
| State: _____  Zip:_____ | State: _____  Zip:_____ |

**COMPANY/PERSON REQUESTING RECORDING (required if not seller or buy)**
Print Name Ticor Title of Nevada, Inc.          Escrow #  09150459CC
Address 3100 W. Sahara Avenue #115
City: Las Vegas          State: NV          Zip: 89102

**AS A PUBLIC RECORD THIS FORM MAY BE RECORDED/MICROFILMED**

# EXHIBIT 2 – DEED OF TRUST

Inst#:200909140000362 Fees:$24.00 N/C Fee:$25.00  09/14/2009 08:01:35 AM
Receipt#:53643 Requestor:TICOR TITLE LAS VEGAS Recorded By:ANI Pgs:11 DEBBIE
CONWAY CLARK COUNTY RECORDER

Assessor's Parcel No.: 140-34-312-001

**After recording please return to:**
Evofi One

*[Company Name]*
Attn: Grace Kelly

*[Name of Natural Person]*
2460 Paseo Verde Parkway 125

*[Street Address]*
Henderson, NV 89074

*[City, State  Zip Code]*

**Until a change is requested, all tax statements shall
be sent to the following address:**
Evofi One

*[Name]*
2460 Paseo Verde Parkway 125

*[Street Address]*
Henderson, NV 89074

*[City, State  Zip Code]*

#09150459 - CC *[Space Above This Line For Recording Data]*

| |
|---|
| FHA Case No.<br>332-4948598-703 |

# DEED OF TRUST

MIN: 100532705026735968

THIS DEED OF TRUST ("Security Instrument") is made on    September 10, 2009    . The
grantor is Jeffry N Flores Castillo, a married man, as his sole and separate
property

("Borrower").

The trustee is  Ticor Title of Nevada Inc.

("Trustee").

The lender is  Evofi One

, which is organized and
existing under the laws of            Nevada            , and whose address is    2460
Paseo Verde Parkway 125, Henderson, NV 89074                ("Lender").
The beneficiary under this Security Instrument is Mortgage Electronic Registration Systems, Inc. ("MERS").
MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns.

Loan No: 502673596

FHA Nevada Security Instrument (MERS Modified)
—THE COMPLIANCE SOURCE, INC.—                    Page 1 of 8                    34301NV  02/02 Rev. 10/05
www.compliancesource.com                                                        ©2005, The Compliance Source, Inc.

Instrument # 200909140000362 Page: 2 of 11

MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.
Borrower owes Lender the principal sum of   one hundred seventy six thousand seven hundred thirty nine and NO/100ths                      Dollars (U.S. $ 176,739.00      ).
This debt is evidenced by Borrower's note dated the same date as this Security Instrument ("Note"), which provides for monthly payments, with the full debt, if not paid earlier, due and payable on   October 1, 2039   .
This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, with interest, and all renewals, extensions and modifications of the Note; (b) the payment of all other sums, with interest, advanced under Paragraph 7 to protect the security of this Security Instrument; and (c) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property located in   Clark   County, Nevada:
See exhibit A attached hereto and made a part hereof

which currently has the address of   5982 Spinnaker Point Avenue
                                                          [Street]
       Las Vegas                  , Nevada      89110                ("Property Address"):
       [City]                                    [Zip Code]

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:
1. Payment of Principal, Interest and Late Charge. Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and late charges due under the Note.
2. Monthly Payment of Taxes, Insurance and Other Charges. Borrower shall include in each monthly payment, together with the principal and interest as set forth in the Note and any late charges, a sum for (a) taxes and special assessments levied or to be levied against the Property, (b) leasehold payments or ground rents on the Property, and (c) premiums for insurance required under Paragraph 4. In any year in which the Lender must pay a mortgage insurance premium to the Secretary of Housing and Urban Development ("Secretary"), or in any year in which such premium would have been required if Lender still held the Security Instrument, each monthly payment

Loan No: 502673596

FHA Nevada Security Instrument (MERS Modified)
—THE COMPLIANCE SOURCE, INC.—                          Page 2 of 8               54301NV 02/02 Rev. 10/05
www.compliancesource.com                                                        ©2005, The Compliance Source, Inc.

Instrument # 200909140000362 Page: 3 of 11

shall also include either: (i) a sum for the annual mortgage insurance premium to be paid by Lender to the Secretary, or (ii) a monthly charge instead of a mortgage insurance premium if this Security Instrument is held by the Secretary, in a reasonable amount to be determined by the Secretary. Except for the monthly charge by the Secretary, these items are called "Escrow Items" and the sums paid to Lender are called "Escrow Funds."

Lender may, at any time, collect and hold amounts for Escrow Items in an aggregate amount not to exceed the maximum amount that may be required for Borrower's escrow account under the Real Estate Settlement Procedures Act of 1974, 12 U.S.C. § 2601 et seq. and implementing regulations, 24 CFR Part 3500, as they may be amended from time to time ("RESPA"), except that the cushion or reserve permitted by RESPA for unanticipated disbursements or disbursements before Borrower's payments are available in the account may not be based on amounts due for the mortgage insurance premium.

If the amounts held by Lender for Escrow Items exceed the amounts permitted to be held by RESPA, Lender shall account to Borrower for the excess funds as required by RESPA. If the amounts of funds held by Lender at any time are not sufficient to pay the Escrow Items when due, Lender may notify the Borrower and require Borrower to make up the shortage as permitted by RESPA.

The Escrow Funds are pledged as additional security for all sums secured by this Security Instrument. If Borrower tenders to Lender the full payment of all such sums, Borrower's account shall be credited with the balance remaining for all installment items (a), (b), and (c) and any mortgage insurance premium installment that Lender has not become obligated to pay to the Secretary, and Lender shall promptly refund any excess funds to Borrower. Immediately prior to a foreclosure sale of the Property or its acquisition by Lender, Borrower's account shall be credited with any balance remaining for all installments for items (a), (b), and (c).

   3.   **Application of Payments**. All payments under Paragraphs 1 and 2 shall be applied by Lender as follows:

First, to the mortgage insurance premium to be paid by Lender to the Secretary or to the monthly charge by the Secretary instead of the monthly mortgage insurance premium;

Second, to any taxes, special assessments, leasehold payments or ground rents, and fire, flood and other hazard insurance premiums, as required;

Third, to interest due under the Note;

Fourth, to amortization of the principal of the Note; and

Fifth, to late charges due under the Note.

   4.   **Fire, Flood and Other Hazard Insurance**. Borrower shall insure all improvements on the Property, whether now in existence or subsequently erected, against any hazards, casualties, and contingencies, including fire, for which Lender requires insurance. This insurance shall be maintained in the amounts and for the periods that Lender requires. Borrower shall also insure all improvements on the Property, whether now in existence or subsequently erected, against loss by floods to the extent required by the Secretary. All insurance shall be carried with companies approved by Lender. The insurance policies and any renewals shall be held by Lender and shall include loss payable clauses in favor of, and in a form acceptable to, Lender.

In the event of loss, Borrower shall give Lender immediate notice by mail. Lender may make proof of loss if not made promptly by Borrower. Each insurance company concerned is hereby authorized and directed to make payment for such loss directly to Lender, instead of to Borrower and to Lender jointly. All or any part of the insurance proceeds may be applied by Lender, at its option, either (a) to the reduction of the indebtedness under the Note and this Security Instrument, first to any delinquent amounts applied in the order of Paragraph 3, and then to prepayment of principal, or (b) to the restoration or repair of the damaged property. Any application of the proceeds to the principal shall not extend or postpone the due date of the monthly payments which are referred to in Paragraph 2, or change the amount of such payments. Any excess insurance proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

In the event of foreclosure of this Security Instrument or other transfer of title to the Property that extinguishes the indebtedness, all right, title and interest of Borrower in and to insurance policies in force shall pass to the purchaser.

   5.   **Occupancy, Preservation, Maintenance and Protection of the Property; Borrower's Loan Application; Leaseholds**. Borrower shall occupy, establish, and use the Property as Borrower's principal residence

Loan No: 502673596

FHA Nevada Security Instrument (MERS Modified)
—THE COMPLIANCE SOURCE, INC.—                         Page 3 of 8                          54301NV 02/02 Rev. 10/05
www.compliancesource.com                                                                ©2005, The Compliance Source, Inc.

Instrument # 200909140000362 Page: 4 of 11

within sixty days after the execution of this Security Instrument (or within sixty days of a later sale or transfer of the Property) and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender determines that requirement will cause undue hardship for Borrower, or unless extenuating circumstances exist which are beyond Borrower's control.  Borrower shall notify Lender of any extenuating circumstances.  Borrower shall not commit waste or destroy, damage or substantially change the Property or allow the Property to deteriorate, reasonable wear and tear expected.  Lender may inspect the Property if the Property is vacant or abandoned or the loan is in default.  Lender may take reasonable action to protect and preserve such vacant or abandoned Property.  Borrower shall also be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to Lender (or failed to provide Lender with any material information) in connection with the loan evidenced by the Note, including, but not limited to, representations concerning Borrower's occupancy of the Property as a principal residence.  If this Security Instrument is on a leasehold, Borrower shall comply with the provisions of the lease.  If Borrower acquires fee title to the Property, the leasehold and fee title shall not be merged unless Lender agrees to the merger in writing.

  **6.  Condemnation.**  The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of any part of the Property, or for conveyance in place of condemnation, are hereby assigned and shall be paid to Lender to the extent of the full amount of the indebtedness that remains unpaid under the Note and this Security Instrument.  Lender shall apply such proceeds to the reduction of the indebtedness under the Note and this Security Instrument, first to any delinquent amounts applied in the order provided in Paragraph 3, and then to prepayment of principal.  Any application of the proceeds to the principal shall not extend or postpone the due date of the monthly payments, which are referred to in Paragraph 2, or change the amount of such payments.  Any excess proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

  **7.  Charges to Borrower and Protection of Lender's Rights in the Property.**  Borrower shall pay all governmental or municipal charges, fines and impositions that are not included in Paragraph 2.  Borrower shall pay these obligations on time directly to the entity which is owed the payment.  If failure to pay would adversely affect Lender's interest in the Property, upon Lender's request Borrower shall promptly furnish to Lender receipts evidencing these payments.

  If Borrower fails to make these payments or the payments required by Paragraph 2, or fails to perform any other covenants and agreements contained in this Security Instrument, or there is a legal proceeding that may significantly affect Lender's rights in the Property (such as a proceeding in bankruptcy, for condemnation or to enforce laws or regulations), then Lender may do and pay whatever is necessary to protect the value of the Property and Lender's rights in the Property, including payment of taxes, hazard insurance and other items mentioned in Paragraph 2.

  Any amounts disbursed by Lender under this Paragraph shall become an additional debt of Borrower and be secured by this Security Instrument.  These amounts shall bear interest from the date of disbursement, at the Note rate, and at the option of Lender shall be immediately due and payable.

  Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower:  (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender; (b) contests in good faith the lien by, or defends against enforcement of the lien in, legal proceedings which in Lender's opinion operate to prevent the enforcement of the lien; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument.  If Lender determines that any part of the Property is subject to a lien which may attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien.  Borrower shall satisfy the lien or take one or more of the actions set forth above within 10 days of the giving of notice.

  **8.  Fees.**  Lender may collect fees and charges authorized by the Secretary.

  **9.  Grounds for Acceleration of Debt.**

  **(a)  Default.**  Lender may, except as limited by regulations issued by the Secretary in the case of payment defaults, require immediate payment in full of all sums secured by this Security Instrument if:

    (i)  Borrower defaults by failing to pay in full any monthly payment required by this Security Instrument prior to or on the due date of the next monthly payment, or

Loan No:  502673596

FHA Nevada Security Instrument (MERS Modified)
—THE COMPLIANCE SOURCE, INC.—
www.compliancesource.com

Page 4 of 8

54301NV  02/03 Rev. 10/05
©2005, The Compliance Source, Inc.

Instrument # 200909140000362 Page: 5 of 11

      (ii)  Borrower defaults by failing, for a period of thirty days, to perform any other obligations contained in this Security Instrument.

      **(b)  Sale Without Credit Approval.**  Lender shall, if permitted by applicable law (including section 341(d) of the Garn-St Germain Depository Institutions Act of 1982, 12 U.S.C. § 1701j-3(d)) and with the prior approval of the Secretary, require immediate payment in full of all the sums secured by this Security Instrument if:

          (i)  All or part of the Property, or a beneficial interest in a trust owning all or part of the Property, is sold or otherwise transferred (other than by devise or descent), and

          (ii)  The Property is not occupied by the purchaser or grantee as his or her principal residence, or the purchaser or grantee does so occupy the Property, but his or her credit has not been approved in accordance with the requirements of the Secretary.

      **(c)  No Waiver.**  If circumstances occur that would permit Lender to require immediate payment in full, but Lender does not require such payments, Lender does not waive its rights with respect to subsequent events.

      **(d)  Regulations of HUD Secretary.**  In many circumstances regulations issued by the Secretary will limit Lender's rights, in the case of payment defaults, to require immediate payment in full and foreclose if not paid.  This Security Instrument does not authorize acceleration or foreclosure if not permitted by regulations of the Secretary.

      **(e)  Mortgage Not Insured.**  Borrower agrees that if this Security Instrument and the Note are not determined to be eligible for insurance under the National Housing Act within 60 days from the date hereof, Lender may, at its option require immediate payment in full of all sums secured by this Security Instrument.  A written statement of any authorized agent of the Secretary dated subsequent to 60 days from the date hereof, declining to insure this Security Instrument and the Note, shall be deemed conclusive proof of such ineligibility.  Notwithstanding the foregoing, this option may not be exercised by Lender when the unavailability of insurance is solely due to Lender's failure to remit a mortgage insurance premium to the Secretary.

      **10.  Reinstatement.**  Borrower has a right to be reinstated if Lender has required immediate payment in full because of Borrower's failure to pay an amount due under the Note or this Security Instrument.  This right applies even after foreclosure proceedings are instituted.  To reinstate the Security Instrument, Borrower shall tender in a lump sum all amounts required to bring Borrower's account current including, to the extent they are obligations of Borrower under this Security Instrument, foreclosure costs and reasonable and customary attorneys' fees and expenses properly associated with the foreclosure proceeding.  Upon reinstatement by Borrower, this Security Instrument and the obligations that it secures shall remain in effect as if Lender had not required immediate payment in full.  However, Lender is not required to permit reinstatement if: (i) Lender has accepted reinstatement after the commencement of foreclosure proceedings within two years immediately preceding the commencement of a current foreclosure proceeding, (ii) reinstatement will preclude foreclosure on different grounds in the future, or (iii) reinstatement will adversely affect the priority of the lien created by this Security Instrument.

      **11.  Borrower Not Released; Forbearance by Lender Not a Waiver.**  Extension of the time of payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successor in interest.  Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest.  Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

      **12.  Successors and Assigns Bound; Joint and Several Liability; Co-Signers.**  The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower, subject to the provisions of Paragraph 9(b).  Borrower's covenants and agreements shall be joint and several.  Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the term of this Security Instrument or the Note without that Borrower's consent.

      **13.  Notices.**  Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method.   The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender.  Any notice to

Loan No:  502673596
FHA Nevada Security Instrument (MERS Modified)
—THE COMPLIANCE SOURCE, INC.—                        Page 5 of 8                              54301NV 01/01 Rev. 10/05
www.compliancesource.com                                                                  ©2005, The Compliance Source, Inc

Instrument # 200909140000362 Page: 6 of 11

Lender shall be given by first class mail to Lender's address stated herein or any address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

**14. Governing Law; Severability.** This Security Instrument shall be governed by Federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

**15. Borrower's Copy.** Borrower shall be given one conformed copy of the Note and of this Security Instrument.

**16. Hazardous Substances.** Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property that is in violation of any Environmental Law. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property.

Borrower shall promptly give Lender written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge. If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any Hazardous Substances affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law.

As used in this Paragraph 16, "Hazardous Substances" are those substances defined as toxic or hazardous substances by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this Paragraph 16, "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection.

**NON-UNIFORM COVENANTS.** Borrower and Lender further covenant and agree as follows:

**17. Assignment of Rents.** Borrower unconditionally assigns and transfers to Lender all the rents and revenues of the Property. Borrower authorizes Lender or Lender's agents to collect the rents and revenues and hereby directs each tenant of the Property to pay the rents to Lender or Lender's agents. However, prior to Lender's notice to Borrower of Borrower's breach of any covenant or agreement in the Security Instrument, Borrower shall collect and receive all rents and revenues of the Property as trustee for the benefit of Lender and Borrower. This assignment of rents constitutes an absolute assignment and not an assignment for additional security only.

If Lender gives notice of breach to Borrower: (a) all rents received by Borrower shall be held by Borrower as trustee for benefit of Lender only, to be applied to the sums secured by the Security Instrument; (b) Lender shall be entitled to collect and receive all of the rents of the Property; and (c) each tenant of the Property shall pay all rents due and unpaid to Lender or Lender's agent on Lender's written demand to the tenant.

Borrower has not executed any prior assignment of the rents and has not and will not perform any act that would prevent Lender from exercising its rights under this Paragraph 17.

Lender shall not be required to enter upon, take control of or maintain the Property before or after giving notice of breach to Borrower. However, Lender or a judicially appointed receiver may do so at any time there is a breach. Any application of rents shall not cure or waive any default or invalidate any other right or remedy of Lender. This assignment of rents of the Property shall terminate when the debt secured by the Security Instrument is paid in full.

**18. Foreclosure Procedure. If Lender requires immediate payment in full under Paragraph 9, Lender may invoke the power of sale, including the right to accelerate full payment of the Note, and any other remedies permitted by applicable law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Paragraph 18, including, but not limited to, reasonable attorneys' fees and costs of title evidence.**

Loan No: 502673596

FHA Nevada Security Instrument (MERS Modified)
—THE COMPLIANCE SOURCE, INC.—                    Page 6 of 8                    54301NV 02/02 Rev. 10/05
www.compliancesource.com                                          ©2005, The Compliance Source, Inc



Instrument # 200909140000362 Page: 7 of 11

If Lender invokes the power of sale, Lender shall execute or cause Trustee to execute written notice of the occurrence of an event of default and of Lender's election to cause the Property to be sold, and shall cause such notice to be recorded in each county in which any part of the Property is located. Lender shall mail copies of the notice as prescribed by applicable law to Borrower and to the persons prescribed by applicable law. Trustee shall give public notice of sale to the persons and in the manner prescribed by applicable law. After the time required by applicable law, Trustee, without demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in any order Trustee determines. Trustee may postpone sale of all or any parcel of the Property by public announcement at the time and place of any previously scheduled sale. Lender or its designee may purchase the Property at any sale.

Trustee shall deliver to the purchaser Trustee's deed conveying the Property without any covenant or warranty, expressed or implied. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable Trustee's and attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

If the Lender's interest in this Security Instrument is held by the Secretary and the Secretary requires immediate payment in full under Paragraph 9, the Secretary may invoke the nonjudicial power of sale provided in the Single Family Mortgage Foreclosure Act of 1994 ("Act") (12 U.S.C. § 3751 et seq.) by requesting a foreclosure commissioner designated under the Act to commence foreclosure and to sell the Property as provided in the Act. Nothing in the preceding sentence shall deprive the Secretary of any rights otherwise available to a Lender under this Paragraph 18 or applicable law.

19. Reconveyance. Upon payment of all sums secured by this Security Instrument, Lender shall request Trustee to reconvey the Property and shall surrender this Security Instrument and all notes evidencing debt secured by this Security Instrument to Trustee. Trustee shall reconvey the Property without warranty to the person or persons legally entitled to it. Such person or persons shall pay any recordation costs. Lender may charge such person or persons a fee for reconveying the Property, but only if the fee is paid to a third party (such as the Trustee) for services rendered and the charging of the fee is permitted under applicable law.

20. Substitute Trustee. Lender or its assigns may, from time to time, appoint another trustee, or trustees, to execute the trust created by the deed of trust or other conveyance it trust. A copy of a resolution of the board of directors of directors of Lender (if Lender is a corporation), certified by the secretary thereof, under its corporate seal, or an instrument executed and acknowledged by Lender (if Lender is a natural person), shall be conclusive proof of the proper appointment of such substituted trustee. Upon the recording of such certified copy or trustees shall be vested with all the title, interest, powers, duties and trust in the premises vested in or conferred upon the original trustee. If there be more than one trustee, either may act alone and execute the trusts upon the request of the Lender, and all his acts thereunder shall be deemed to be the acts of all trustees, and the recital in any conveyance executed by such request shall be conclusive evidence thereof, and of the authority of such sole trustee to act.

21. Assumption Fee. If there is an assumption of this loan, Lender may charge an assumption fee of U.S. $_____ $100 where no credit checks are required, the greater of $400 or 1%of unpaid principal balance of the mortgage - up to a maximum of $900 - if the change of ownership requires credit approval of the new mortgagor; or any maximum prescibed by Applicable Law.

22. Riders to this Security Instrument. If one or more riders are executed by Borrower and recorded together with this Security Instrument, the covenants of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Security Instrument as if the rider(s) were a part of this Security Instrument. [Check applicable box(es)].

☐ Condominium Rider            ☐ Graduated Payment Rider    ☐ Other [specify]
☒ Planned Unit Development Rider  ☐ Growing Equity Rider

_____ [Signatures on Following Page] _____

Loan No: 502673596

FHA Nevada Security Instrument (MERS Modified)
—THE COMPLIANCE SOURCE, INC.—                        Page 7 of 8            54301NV 02/02 Rev. 10/05
www.compliancesource.com                                              ©2003, The Compliance Source, Inc

Instrument # 200909140000362 Page: 8 of 11

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any rider(s)s executed by Borrower and recorded with it.

Witnesses:

_____                _____  (Seal)
                                                 Jeffry N Flores Castillo           -Borrower
                                                                                    *[Printed Name]*

_Jeffry N Flores Castillo_____
Printed Name          *[Please Complete]*         _____  (Seal)
                                                                                    -Borrower
                                                                                    *[Printed Name]*

_____                _____  (Seal)
                                                                                    -Borrower
                                                                                    *[Printed Name]*

_____                _____  (Seal)
Printed Name          *[Please Complete]*                                            -Borrower
                                                                                    *[Printed Name]*

_____ [Space Below This Line For Acknowledgment] _____

State of Nevada                      §
                                     §
County of        Clark               §

        This instrument was acknowledged before me on   SEPT.   10,   2005   (date)
by     Jeffry N Flores Castillo

        NOTARY PUBLIC
        County of Clark-State of Nevada
        FRITZI ORTIZ                          (name(s) of person(s)).
        No. 01-68303-1
        My Appointment Expires April 12, 2013
        *(Seal, if any)*                      _____
                                              Signature   FRITZI ORTIZ   *[Printed Name]*

                                                    NOTARY
                                              _____
                                              Title of Officer

                                              My Commission Expires:   4-12-2013

Loan No: 502673596
FHA Nevada Security Instrument (MERS Modified)
—THE COMPLIANCE SOURCE, INC.—                    Page 8 of 8              5430INV 01/01 Rev. 10/05
www.compliancesource.com                                                 ©2005, The Compliance Source, Inc

Instrument # 200909140000362 Page: 9 of 11

FHA Case No. 332-4948598-703

# FHA PLANNED UNIT DEVELOPMENT RIDER

THIS PLANNED UNIT DEVELOPMENT RIDER is made this **10th** day of **September, 2009** , and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust or Security Deed ("Security Instrument") of the same date given by the undersigned ("Borrower") to secure Borrower's Note to   Evofi One

("Lender") of the same date and covering the Property described in the Security Instrument and located at:
5982 Spinnaker Point Avenue, Las Vegas, NV 89110
*[Property Address]*

The Property Address is a part of a planned unit development ("PUD") known as
Spinnaker Homes at Sunrise Mountain

*[Name of Planned Unit Development]*

**PUD COVENANTS:** In addition to the covenants and agreements made in the Security Instrument, Borrower and Lender further covenant and agree as follows:

A.  So long as the Owners Association (or equivalent entity holding title to common areas and facilities), acting as trustee for the homeowners, maintains, with a generally accepted insurance carrier, a "master" or "blanket" policy insuring the property located in the PUD, including all improvements now existing or hereafter erected on the mortgaged premises, and such policy is satisfactory to Lender and provides insurance coverage in the amounts, for the periods, and against the hazards Lender requires, including fire and other hazards included within the term "extended coverage" and loss by flood, to the extent required by the Secretary, then: (i) Lender waives the provision in Paragraph 2 of this Security Instrument for the monthly payment to Lender of one-twelfth of the yearly premium installments for hazard insurance on the Property, and (ii) Borrower's obligation under Paragraph 4 of this Security Instrument to maintain hazard insurance coverage on the Property is deemed satisfied to the extent that the required coverage is provided by the Owners Association policy. Borrower shall give Lender prompt notice of any lapse in required hazard insurance coverage and of any loss occurring from a hazard. In the event of a distribution of hazard insurance proceeds in lieu of restoration or repair following a loss to the property or to common areas and facilities of the PUD, any proceeds payable to Borrower are hereby assigned and shall be paid to Lender for application to the sums secured by this Security Instrument, with any excess paid to the entity legally entitled thereto.

B.  Borrower promises to pay all dues and assessments imposed pursuant to the legal instruments creating and governing the PUD.

C.  If Borrower does not pay PUD dues and assessments when due, then Lender may pay them. Any amounts disbursed by Lender under this paragraph C shall become additional debt of Borrower secured by the Security Instrument. Unless Borrower and Lender agree to other terms of payment, these amounts shall bear interest from the date of disbursement at the Note rate and shall be payable, with interest, upon notice from Lender to Borrower requesting payment.

---

*[Signatures on Following Page]*

---

Loan No: 502673596                                              MIN: 100532705026735968
FHA Planned Unit Development Rider (Multistate)
—THE COMPLIANCE SOURCE, INC.—                 Page 1 of 2                  54504MU 02/99 Rev. 05/04
www.compliancesource.com                                                    ©2004, The Compliance Source, Inc.

Instrument # 200909140000362 Page: 10 of 11

BY SIGNING BELOW, Borrower accepts and agrees to the terms and provisions contained in this PUD Rider.



_____ (Seal)          _____ (Seal)
Jeffry N Flores Castillo        -Borrower                                        -Borrower

_____ (Seal)          _____ (Seal)
                                        -Borrower                                        -Borrower

———————————— *[Space Below This Line For Acknowledgment]* ————————————

Loan No: 502673596
**FHA Planned Unit Development Rider (Multistate)**
—THE COMPLIANCE SOURCE, INC.—                    Page 2 of 2                    54504MU 02/99 Rev. 05/04
www.compliancesource.com                                                              ©2004, The Compliance Source, Inc

Instrument # 200909140000362 Page: 11 End of Document

**EXHIBIT "ONE"**

**LEGAL DESCRIPTION**

LOT ONE (1) IN BLOCK ONE (1) OF SPINNAKER HOMES AT SUNRISE MOUNTAIN UNIT 1, AS SHOWN BY MAP THEREOF ON FILE IN BOOK 86 OF PLATS, PAGE 32 RECORDED SEPTEMBER 28, 1998 IN BOOK 980928 AS DOCUMENT NO. 00600 AND AMENDED BY A CERTAIN CERTIFICATE OF AMENDMENT RECORDED NOVEMBER 16, 1998 IN BOOK 981116 AS DOCUMENT NO. 01413 IN THE OFFICE OF THE COUNTY RECORDER OF CLARK COUNTY, NEVADA.

5982 Spinnaker Point Ave, Las Vegas NV

# EXHIBIT 3 – ASSIGNMENT

Inst #: 201112010000515
Fees: $18.00
N/C Fee: $0.00
12/01/2011 08:03:19 AM
Receipt #: 994062
Requestor:
CORELOGIC
Recorded By: MSH   Pgs: 2

**DEBBIE CONWAY**

CLARK COUNTY RECORDER

Recording Requested By:
**Bank of America**
Prepared By: Diana DeAvila
**888-603-9011**
When recorded mail to:
CoreLogic
450 E. Boundary St.
Attn: Release Dept.
Chapin, SC 29036

DocID#   20620764691871152
Tax ID:        140-34-312-001
Property Address:
**5982 Spinnaker Point Ave**
**Las Vegas, NV 89110-5016**
NV0-ADT  16480533     11/25/2011

This space for Recorder's use

MIN #: 100532705026735968          MERS Phone #: 888-679-6377

## ASSIGNMENT OF DEED OF TRUST

For Value Received, the undersigned holder of a Deed of Trust (herein "Assignor") whose address is 3300 S.W. **34TH AVENUE, SUITE 101 OCALA, FL 34474** does hereby grant, sell, assign, transfer and convey unto **BANK OF AMERICA, N.A., SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME   LOANS SERVICING, LP** whose address is **400 NATIONAL WAY, SIMI VALLEY, CA 93065**
 all beneficial interest under that certain Deed of Trust described below together with the note(s) and obligations therein described and the money due and to become due thereon with interest and all rights accrued or to accrue under said Deed of Trust.

Original Lender:      **EVOFI ONE**
Made By:              **JEFFRY N FLORES CASTILLO, A MARRIED MAN, AS HIS SOLE AND SEPARATE PROPERTY**
Trustee:             **TICOR TITLE OF NEVADA INC.**
Date of Deed of Trust: 9/10/2009      Original Loan Amount: **$176,739.00**

Recorded in Clark County,NV on: 9/14/2009, book 20090914, page 0000362 and instrument number N/A

I the undersigned hereby affirm that this document submitted for recording does not contain the social security number of any person or persons.

IN WITNESS WHEREOF, the undersigned has caused this Assignment of Deed of Trust to be executed on
*11-28-11*

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.

By: _Carmen Leuridan_
_CARMEN LEURIDAN_
_Assistant Secretary_

State of California
County of Ventura

On _11-28-2011_ before me, _____ **David McCall** _____, Notary Public, personally appeared
_CARmelA Leuridan_ , who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity (ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

DAVID MCCALL
Commission # 1925272
Notary Public - California
Los Angeles County
My Comm. Expires Mar 11, 2015

Notary Public: _____ **David McCall** _____        (Seal)
My Commission Expires: _3-15-2015_

DocID#    20620764691871152

# EXHIBIT 4 – DEED OF TRUST

Branch :FLV,User :CON2                Comment:                                Station Id :REOR

Inst #: 20140328-0001835
Fees: $18.00
N/C Fee: $0.00
03/28/2014 01:39:19 PM
Receipt #: 1976415
Requestor:
SERVICELINK SAN BERNARDINO
Recorded By: GILKS   Pgs: 2
**DEBBIE CONWAY**
CLARK COUNTY RECORDER

### RECORDING COVER PAGE

### APN 140-34-312-001

---

## ASSIGNMENT OF DEED OF TRUST

---

Trustee Sale No. NV08000819-13-1                    Title Order No. 1531767

RECORDING REQUESTED BY:

**SERVICELINK**

RETURN TO:

**Bank Of America Home Loans**
**400 National Way**
**CA6-919-01-09**
**Simi Valley, CA 93065**

**This page provides additional information required by NRS 111.312 Sections 1-2.**

Trustee Sale No. NV08000819-13-1                    Title Order No. 1531767

## ASSIGNMENT OF DEED OF TRUST

FOR VALUE RECEIVED, the undersigned hereby grants, assigns and transfers to **U.S. Bank National Association, as Trustee for SROF-2013-M4 REMIC Trust I** all beneficial interest under that certain Deed of Trust dated as of September 10, 2009, executed by JEFFRY N FLORES CASTILLO, A MARRIED MAN, AS HIS SOLE AND SEPARATE PROPERTY as Trustor, to TICOR TITLE OF NEVADA INC. as Trustee and recorded on September 14, 2009 as Instrument No. 20090914000362 of official records in the Office of the Recorder of Clark County, Nevada.

All rights accrued or to accrue under said Deed of Trust including the right to have reconveyed, in whole or in part, the real property described therein, commonly known as **5982 SPINNAKER POINT AVENUE, LAS VEGAS, NV 89110** and more fully described in said Deed of Trust.

Dated: 3·7·2014          **Bank of America, N.A., SBM to BAC Home Loans Servicing, LP FKA Countrywide Home Loans Servicing, LP**

By: Regina Irving-Francois
    Assistant Vice President

STATE OF Texas

COUNTY OF Dallas

On 3/7/2014 before me, David Grover , Notary Public, personally appeared Regina Irving-Francois who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of Texas that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Notary Public

# EXHIBIT 5 – ASSIGNMENT

Inst #: **20140529-0000129**
Fees: $18.00
N/C Fee: $0.00
05/29/2014 08:01:54 AM
Receipt #: 2038723
Requestor:
**DEFAULT SERVICES - AVENUE 3**
Recorded By: MSH   Pgs: 2
**DEBBIE CONWAY**
**CLARK COUNTY RECORDER**

Recording Requested By:
Bank of America, N.A.
Prepared By: Ralph Flores
800-444-4302

When recorded mail to:
**Avenue 365 Lender Services, LLC**
**Ref: NB Assignments**
**401 Plymouth Road, Suite 500**
**Plymouth Meeting, PA 19462**

DocID#    **20020764691813538**
Tax ID:      **140-34-312-001**
Property Address:
**5982 Spinnaker Point Avenue**
**Las Vegas, NV 89110-5016**
NV0-ADT  29657987   4/1/2014  PSL0303

                           This space for Recorder's use

## ASSIGNMENT OF DEED OF TRUST

For Value Received, the undersigned holder of a Deed of Trust (herein "Assignor") whose address is **1800 TAPO CANYON ROAD, SIMI VALLEY, CA 93063** does hereby grant, sell, assign, transfer and convey unto **SECRETARY OF HOUSING AND URBAN DEVELOPMENT** whose address is **451 7TH STREET, S.W., WASHINGTON, D.C. 20410** all beneficial interest under that certain Deed of Trust described below together with the note(s) and obligations therein described and the money due and to become due thereon with interest and all rights accrued or to accrue under said Deed of Trust.

Beneficiary:        **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR EVOFI ONE, ITS SUCCESSORS AND ASSIGNS**

Made By:          **JEFFRY N FLORES CASTILLO, A MARRIED MAN, AS HIS SOLE AND SEPARATE PROPERTY**

Trustee:            **TICOR TITLE OF NEVADA INC.**

Date of Deed of Trust: 9/10/2009      Original Loan Amount: **$176,739.00**

Recorded in Clark County, NV on: 9/14/2009, book N/A, page N/A and instrument number 200909140000362

I the undersigned hereby affirm that this document submitted for recording does not contain the social security number of any person or persons.

IN WITNESS WHEREOF, the undersigned has caused this Assignment of Deed of Trust to be executed on
**APR 03 2014**

                         **BANK OF AMERICA, N.A., SUCCESSOR BY**
                         **MERGER TO BAC HOME LOANS SERVICING, LP,**
                         **FKA COUNTRYWIDE HOME LOANS SERVICING LP**

By: _____
                    Amparo Mayorga
                  Assistant Vice President

State of California
County of Los Angeles

On APR 0 3 2014 before me, _____ **Evette Ohanian** _____, Notary Public, personally appeared
_____ Amparo Mayorga _____, who proved to me on the basis of satisfactory evidence to be the person
(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the
same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s),
or the entity upon behalf of which the person(s) acted, executed the instrument.

**I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing
paragraph is true and correct.**

WITNESS my hand and official seal.

Notary Public: _____ **Evette Ohanian** _____ (Seal)
My Commission Expires: DEC 2 7 2015

EVETTE OHANIAN
COMM. 1961990
NOTARY PUBLIC - CALIFORNIA
LOS ANGELES COUNTY
My Comm. Expires Dec. 27, 2015

DocID# 20020764691813538

# EXHIBIT 6 – ASSIGNMENT

Inst #: 20140701-0002299
Fees: $17.00
N/C Fee: $25.00
07/01/2014 02:34:06 PM
Receipt #: 2075466
Requestor:
DEFAULT SERVICES - AVENUE 3
Recorded By: ECM   Pgs: 1
DEBBIE CONWAY
CLARK COUNTY RECORDER

PREPARED BY:
Secretary of Housing and Urban
Development
451 7th Street, S.W.
Washington,D.C. 20410
Tax ID: 140-34-312-001

WHEN RECORDED RETURN TO:
Avenue 365 Lender Services
401 Plymouth RD, Ste. 550
Plymouth Meeting, PA 19462

## ASSIGNMENT OF DEED OF TRUST

FOR VALUE RECEIVED, the undersigned, Secretary of Housing and Urban Development, located at 451 7th Street, S.W., Washington, D.C. 20410 ("ASSIGNOR/GRANTOR"), hereby grants, conveys, assigns to: U.S. Bank National Association, as trustee for SROF-2013-M4 REMIC Trust I, located at 60 Livingston Avenue, EP-MN-WS3D, St. Paul, MN 55107 ("ASSIGNEE/GRANTEE") all beneficial interest under that certain DEED OF TRUST dated 9/10/2009, and executed by JEFFRY N. FLORES CASTILLO, A MARRIED MAN, AS HIS SOLE AND SEPARATE PROPERTY, borrower(s) to:  Mortgage Electronic Registration Systems, Inc., solely as nominee for EVOFI ONE, as original lender, and certain instrument recorded 9/14/2009, in DOC# 200909140000362, in the Official Records of CLARK County, the State of Nevada, given to secure a certain Promissory Note in the amount of $176,739.00 covering property located at 5982 SPINNAKER POINT AVENUE, LAS VEGAS, Nevada  89110.
TOGETHER with the note or notes therein described and secured thereby, the money due and to become due thereon, with interest, and all rights accrued or to accrue under said Mortgage including the right to have reconveyed, in whole or in part, the real property described therein.

Dated:    6-20-14

ASSIGNOR: Secretary of Housing and Urban Development by PRMF Acquisition LLC, its attorney-in-fact, by Avenue 365 Lender Services, LLC, its designee*

By:

Name:  Alan B. Kirsch

Title:   Authorized Signatory

*Power of Attorney recorded in Maricopa County, Arizona as Inst. #20140276293

State of Pennsylvania
County of Montgomery

Before me, Carol A. Dieroff, duly commissioned Notary Public, on this day personally appeared Alan B. Kirsch, Authorized Signatory of Avenue 365 Lender Services, LLC, designee for PRMF Acquistion LLC, attorney-in-fact for Secretary of Housing and Urban Development, known to me (or proved to me on the oath of _____ or through _____) to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that he/she executed the same for the purposes and consideration therein expressed.

Given under my hand and seal of office this  20th  day of  June , 20 14

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Carol A. Dieroff, Notary Public
New Hanover Twp., Montgomery County
My Commission Expires July 25, 2017
PEMBER, PENNSYLVANIA ASSOCIATION OF NOTARIES

Notary Public's Signature

Printed Name: Carol A. Dieroff

My Commission Expires: 7/25/2017

# EXHIBIT 7 – ASSIGNMENT

Inst #: **20150720-0000610**
Fees: $18.00
N/C Fee: $0.00
07/20/2015 08:01:50 AM
Receipt #: 2499931
Requestor:
ORION FINANCIAL GROUP
Recorded By: ANI   Pgs: 2

**DEBBIE CONWAY**

**CLARK COUNTY RECORDER**

I the undersigned hereby affirm that this document submitted
for recording does not contain the social security number
of any person or persons. (Per NRS 239B.030)

PREPARED BY & RETURN TO:
M. E. Wileman
2860 Exchange Blvd. # 100
Southlake, TX 76092
Parcel # 140-34-312-001

Assignment of Deed of Trust      Send Any Notices to Assignee.

For Valuable Consideration, the undersigned, **U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR SROF-2013-M4 REMIC TRUST I** 60 Livingston Avenue, EP-MN-WS3D, St. Paul, MN 55107 **(Assignor)** by these presents does assign and set over, without recourse, to **USROF IV LEGAL TITLE TRUST 2015-1, BY U.S. BANK NATIONAL ASSOCIATION, AS LEGAL TITLE TRUSTEE** 60 Livingston Avenue, EP-MN-WS3D, St. Paul, MN 55107 **(Assignee)** the described deed of trust with all interest, all liens, any rights due or to become due thereon, executed by **JEFFRY N FLORES CASTILLO, A MARRIED MAN, AS HIS SOLE AND SEPARATE PROPERTY** to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS") AS NOMINEE FOR EVOFI ONE IT'S SUCCESSORS AND ASSIGNS. Trustee: TICOR TITLE OF NEVADA INC.   Said deed of trust Dated: **9/10/2009** is recorded in the State of NV, County of Clark on **9/14/2009, Instrument# 200909140000362 AMOUNT: $ 176,739.00**   Property Address: 5982 SPINNAKER POINT AVENUE, LAS VEGAS, NV 89110

IN WITNESS WHEREOF, the undersigned corporation/trust has caused this instrument to be executed by its proper officer. Executed on:  07/20/2015

U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR SROF-2013-M4 REMIC TRUST I

By: _____

Michael E. Wileman, Authorized Signator

CASTILLO KDN *15070320*

NB114908
NV  Clark              NBLLC/ USROF II, II/

State of Texas, County of Tarrant
On 07/20/2015, before me, the undersigned, Michael E. Wileman, who acknowledged that he/she is
Authorized Signator of/  for U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR SROF-2013-
M4 REMIC TRUST I  and that he/she executed the foregoing instrument and that such execution was done
as the free act and deed of U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR SROF-2013-M4
REMIC TRUST I



Notary public, C. Lafferty
My commission expires: November 30, 2018

MAIL TAX BILL TO:
JEFFRY N FLORES CASTILLO, A MARRIED MAN, AS HIS SOLE AND SEPARATE PROPERTY
Property Address: 5982 SPINNAKER POINT AVENUE, LAS VEGAS, NV 89110

*15070320*                                                              NB114908
                              NV   Clark                        NBLLC/ USROF II, II/

# EXHIBIT 8 – NOTICE OF DELINQUENT ASSESSMENT LIEN

Inst #: 201010280002194
Fees: $15.00
N/C Fee: $0.00
10/28/2010 11:30:44 AM
Receipt #: 558308
Requestor:
CAMCO
Recorded By: TAH   Pgs: 2
DEBBIE CONWAY
CLARK COUNTY RECORDER

Return to:
Attn: Kelly Mitchell
Absolute Collection Services, LLC
PO Box 12117
Las Vegas, NV 89112
(702) 531-3394 phone
www.absolute-collection.com

APN # 140-34-312-001

## Notice of Delinquent Assessment Lien

**This NOTICE OF DELINQUENT ASSESSMENT** is being given
pursuant to N.R.S. 117.70 et seq. or N.R.S. 116.3115 et. Seq. and
N.R.S. 116.3116 through 116.31168 et. Seq. and the provisions of
the Declaration of Covenants, Conditions and Restrictions (CC&Rs)
of the Homeowners Association as follows:

Association Claimant: Mountain Gate HOA Declarations of CC&Rs
11/19/99 Instrument No: 00668, Book No.: 991119, Page No:___
County of CLARK, and any and all amendments or annexations of
record thereto.

The description of the common interest development unit against
which this notice is being recorded is as follows: Legal Unit No.:
5982 Spinnaker Point Ave., Spinnaker Homes at Sunrise Mountain
Unit 1 Plat Book 86 Page 32 Lot 1 Block 1

The reputed owner is: JEFFREY N FLORES CASTILLO

Common address:   5982 Spinnaker Point Ave., Las Vegas NV 89110

Owner's mailing address:   Same

### DELINQUENCY #A1860

| Total Amount due as of 10/27/10 | $803.53 |
|---|---|

Branch :FLV,User :CON2                Comment:                                            Station Id :DL9O

Additional monies shall accrue under this claim at the rate of the claimant's periodic assessments, plus permissible late charges, costs of collection and interest and other charges, if any, that shall accrue subsequent to the date of this notice.

The acting agency for enforcement on this lien is:

ABSOLUTE COLLECTION SERVICES, LLC
PO BOX 12117
LAS VEGAS NV  89112
(702) 531-3394
www.absolute-collection.com
customerservice@absolute-collection.com

DATED:    10/27/10

RICHARD KAYE, Trustee Sales Officer


STATE OF NEVADA
COUNTY OF CLARK

On October 27, 2010 before me, the undersigned, a Notary Public in and for said county, personally appeared, RICHARD KAYE personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

KELLY MITCHELL, Notary Public



KELLY MITCHELL
Notary Public, State of Nevada
Appointment No. 08-7504-1
My Appt. Expires July 10, 2012

# EXHIBIT 9 – NOTICE OF DEFAULT

Inst #: 201104120001899
Fees: $16.00
N/C Fee: $0.00
04/12/2011 10:19:31 AM
Receipt #: 737422
Requestor:
CAMCO
Recorded By: MSH   Pgs: 3
DEBBIE CONWAY
CLARK COUNTY RECORDER

Return to:
Attn: Kelly Mitchell
Absolute Collections Services, LLC
PO Box 12117
Las Vegas, NV 89112
(702) 531-3394

APN # 140-34-312-001
TS NO: A1860
Title Order No:

## NOTICE OF DEFAULT AND ELECTION TO SELL UNDER HOMEOWNERS ASSOCIATION LIEN

**WARNING! IF YOU FAIL TO PAY THE AMOUNT SPECIFIED IN THIS NOTICE, YOU COULD LOSE YOUR HOME, EVEN IF THE AMOUNT IS IN DISPUTE!** You may have the legal right to bring your account in good standing by paying all of your past due payments plus permitted costs and expenses within the time permitted by law for reinstatement of your account. No sale date may be set until ninety (90) days from the date this notice of default may be recorded or mailed. The amount is **$1,431.37** as of **April 11, 2011** and will increase until your account becomes current. Upon your written request, **Mountain Gate HOA** give you a written itemization of the entire amount you must pay. You and the Association may mutually agree in writing prior to the time the notice of sale is posted to, amount other things, (1) provide additional time in which to cure the default by transfer of the property or otherwise; or (2) establish a schedule of payments in order to cure your default; or both (1) and (2). Following the expiration of the time period previously referred to, unless a separate written agreement between you and the Association permits a longer period, you have only the legal right to stop the sale of your property by paying the entire amount demanded by the Association.

To find out the amount you must pay, or to arrange for payment to stop the foreclosure, contact the following trustee who has been authorized by the Association to enforce its lien by sale: Absolute Collection Services, LLC, PO Box 12117, Las Vegas, NV 89112, 702-531-3394.

THIS NOTICE is given pursuant to NRS 117.070 et. Seq. or NRS 116.3115 et. Seq. and NRS 116.3116 through 116.31168 et. Seq., and pursuant to that certain Notice of Delinquent Assessment Lien, recorded on **10/28/10** Document no. **0002194** book **20101028** of Official Records in the office of the Recorder of Clark County, State of Nevada.

Owner: **Jeffry N Flores Castillo**
Property Address: **5982 Spinnaker Point Ave., Las Vegas NV 89110**

Legal Description-shown on the Subdivision map recorded in Book No.**86** Page(s) 32 Inclusive, of Maps of the County of Clark, State of Nevada.

If you have any questions, you should contact a lawyer. Notwithstanding the fact that your property is in foreclosure, you may offer your property for sale, provided the sale is concluded prior to the conclusion of the foreclosure.

## REMEMBER, YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT TAKE PROMPT ACTION

NOTICE IS HEREBY GIVEN THAT: Absolute Collection Services, LLC, Is the duly appointed Trustee/Agent authorized by the Association, pursuant to the terms contained **11/19/99** as document number **00668-991119** of Official Records in the Office of the Recorder of Clark County, Nevada, and any and all amendments or annexations of record thereto, describing the land therein. That the beneficial Interest under said Notice of Delinquent Assessment is presently held by the Association. That a breach of, and default in, the obligation for which said Covenants, Conditions and Restrictions as security has occurred in that the payment(s) have not been made of:

Periodic assessments, less credits and offsets, plus any late charges, interest, fees, charges, collection costs, trustee's fees, and attorney fees, if any.

That by reason thereof, the present Association under such Covenants, Conditions and Restrictions, has executed and delivered to said Trustee, a written Declaration and Demand for Sale, and has deposited with said duly appointed Trustee, such Covenants, Conditions and Restrictions and all documents evidencing the obligations secured thereby, and has

Branch :FLV,User :CON2                    Comment:                                    Station Id :DL9O

declared and does hereby declare all sums secured thereby immediately due and payable and has elected and does hereby elect to cause the herein described property, liened by said Association, to be sold to satisfy the obligations secured thereby.

PLEASE NOTE THAT WE ARE A DEBT COLLECTOR.

Date:  April 11, 2011

Absolute Collection Services, LLC as Trustee

_____

Richard Kaye, Trustee Sale Officer

STATE OF NEVADA
COUNTY OF CLARK

On April 11, 2011 before me, the undersigned, a Notary Public in and for said county, personally appeared, Richard Kaye personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is subscribed to the within Instrument and acknowledged to me that he/she executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the Instrument.

WITNESS my hand and official seal.

_Kelly Mitchell_

Kelly Mitchell, Notary Public

KELLY MITCHELL
Notary Public, State of Nevada
Appointment No. 08-7504-1
My Appt. Expires July 10, 2012

# EXHIBIT 10 – NOTICE OF SALE

Inst #: 201111040000409
Fees: $18.00
N/C Fee: $0.00
11/04/2011 08:00:53 AM
Receipt #: 968240
Requestor:
CAMCO
Recorded By: MSH   Pgs: 2
DEBBIE CONWAY
CLARK COUNTY RECORDER

Return to:
Attn: Kelly Mitchell
Absolute Collections Services, LLC
PO Box 12117
Las Vegas, NV 89112
(702) 531-3394

APN # 140-34-312-001
TS NO: A1860
Title Order No: 45010-11-31676G1-01
HOA: Mountain Gate HOA

## NOTICE OF TRUSTEE'S SALE

**WARNING! A SALE OF YOUR PROPERTY IS IMMINENT! UNLESS YOU PAY THE AMOUNT SPECIFIED IN THIS NOTICE BEFORE THE SALE DATE, YOU COULD LOSE YOUR HOME, EVEN IF THE AMOUNT IS IN DISPUTE.  YOU MUST ACT BEFORE THE SALE DATE.  IF YOU HAVE ANY QUESTIONS, PLEASE CALL ABSOLUTE COLLECTION SERVICES, LLC AT 702-531-3394.  IF YOU NEED ASSISTANCE, PLEASE CALL THE FORECLOSURE SECTION OF THE OMBUDSMAN'S OFFICE, NEVADA REAL ESTATE DIVISION AT 877-829-9907 OR 702-486-4480 IMMEDIATELY.**

You are in default under a Notice of Delinquent Assessment LIEN, dated OCTOBER 28, 2010.  Unless you take action to protect your property, it may be sold at public sale.  If you need an explanation of the nature of the proceedings against you, you should contact a lawyer.

NOTICE IS HEREBY GIVEN THAT:  On JANUARY 17, 2012 at 4:00 PM, at the front entrance to Absolute Collection Services, LLC, 1820 E Sahara Ave #111, Las Vegas NV 89104, under the power of sale pursuant to the terms of those certain covenants conditions and restrictions recorded on 11/19/99 as instrument number 00668 Book 991119 of official records of Clark County, as the duly appointed agent and pursuant to Notice of Delinquent Assessment LIEN, recorded on 10/28/10 as Document No. 0002194 in Book 20101028 of Official Records in the Office of the Recorder of Clark County, Nevada, **WILL SALE AT PUBLIC AUCTION TO THE HIGHEST BIDDER FOR CASH,** (payable at time of sale in lawful money of the United States) all right, title and interest in the following commonly known property as:

Address:  5982 SPINNAKER POINT AVE.
City, State, Zip: LAS VEGAS NV 89110

The owner(s) of said property as of the date of the recording of said lien is purported to be:

JEFFRY N FLORES CASTILLO

The undersigned agent disclaims any liability for any incorrectness of the street address and other common designation, if any, shown herein. Said sale will be made, but without covenant or warranty, expressed or implied, regarding title, possession, or encumbrances, to pay the remaining principal sum due under said Notice of Delinquent Assessment Lien, with interest thereon, as provided in said notice, advances, if any, estimated fees, charges, and expenses of the Trustee, to-wit:

$2,587.55 Estimated Accrued Interest and additional advances, if any, will increase this figure prior to sale.

The Notice of Default and Election to Sell the described property was recorded on APRIL 12, 2011 as instrument 0001899 Book 20110412 in the official records of Clark County.

PLEASE NOTE THAT WE ARE A DEBT COLLECTOR

Absolute Collection Service, LLC
1820 E Sahara Ave #111
Las Vegas NV 89104
702-531-3394

_____            Date: 11/3/11
Richard Kaye, Trustee's Sale Officer

STATE OF NEVADA
COUNTY OF CLARK

On 11/3/11 before me, the undersigned, a Notary Public in and for said county, personally appeared, Richard Kaye personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

_____
Kelly Mitchell, Notary Public

KELLY MITCHELL
Notary Public, State of Nevada
Appointment No. 08-7504-1
My Appt. Expires July 10, 2012

# EXHIBIT 11 – TRUSTEE'S DEED UPON SALE

Inst #: 201202150000673
Fees: $19.00 N/C Fee: $25.00
RPTT: $30.60 Ex: #
02/15/2012 10:51:52 AM
Receipt #: 1066939
Requestor:
CAMCO
Recorded By: KXC   Pgs: 4
**DEBBIE CONWAY**
**CLARK COUNTY RECORDER**

APN: 140-34-312-001

WHEN RECORDED MAIL DEED AND
TAX STATEMENTS TO:

Spinnaker Point Trust
PO Box 36208
Las Vegas NV 89133

Title No.    A1860
Account NO. 115510
TS No.    45010-11-31676G1-01

_____

SPACE ABOVE THIS LINE FOR RECORDER'S USE

### TRUSTEE'S DEED UPON SALE

The undersigned declares:
   1)    The grantee herein **WAS NOT** the foreclosing beneficiary
   2)    The amount of the unpaid debt together with costs was    $   6,000.00
   3)    The amount paid by the grantee at the trustee sale was    $   `6,000.00
   4)    The documentary transfer tax is    $    30.60
   5)    City Judicial District of LAS VEGAS

And **Absolute Collection Services, LLC.**, as the duly appointed Trustee under the
Notice of Delinquent Assessment hereinafter described, does hereby GRANT and
CONVEY, but without warranty, express or implied, to: **Spinnaker Point Trust, PO Box
36208, Las Vegas NV 89133**

(herein called Grantee), all of its right, title and interest in and to that certain property
situated in the County of CLARK, State of NEVADA, described as follows:

**5982 Spinnaker Point Ave., Las Vegas NV 89110**

Legal Description-shown on the Subdivision map recorded in Book No. **86** Page(s) **32**,
Lot  **1**, Block **1** Inclusive, of Maps of the Country of Clark, State of Nevada; See Exhibit
A Attached

AGENT STATES THAT:
This conveyance is made pursuant to the powers granted to **Mountain Gate HOA** and
conferred upon appointed trustee by the provisions of the Nevada Revised Statutes, the
**Mountain Gate HOA** governing documents (CC&R's) recorded as instrument number
**00668** Book **991119** on **NOVEMBER 19, 1999** and that certain Notice of Delinquent

Assessment Lien recorded on **OCTOBER 28, 2010** instrument number **0002194** Book **20101028** Official Records of CLARK County; and pursuant to NRS 117.070 et Seq. or NRS 116.3115 et Seq and NRS 116.3116 through 116.31168 et Seq.  The name of the owner(s) of the property (trustor) was:  **JEFFRY N FLORES CASTILLO**

Default occurred as set forth in a Notice of Default and Election to Sell, recorded on **APRIL 12, 2011** as instrument **0001899** Book **20110412** which was recorded in the office of the recorder of said county.  Absolute Collection Services, LLC. Has complied with all requirements of law including, but not limited to, the elapsing of 90 days, mailing of copies of Notice of Delinquent Assessment and Notice of Default and the posting and publication of the Notice of Sale.  Said property was sold by said agent, on behalf of **MOUNTAIN GATE HOA** at public auction on **FEBRUARY 14, 2012** at the place indicated on the Notice of Sale.  Grantee being the highest bidder at such sale, became the purchaser of said property and paid therefore to said agent the amount bid **$6,000.00** in lawful money of the United States, or by satisfaction, pro tanto, of the obligations then secured by the Delinquent Assessment Lien.

Dated:    February 15, 2012

_____

By Richard Kaye on behalf of Absolute Collection Services


STATE OF NEVADA          )
COUNTY OF CLARK          )

On 2/15/12 before me, Kelly Mitchell, personally appeared Richard Kaye personally known to me (or proved to me on the basis of satisfactory evidence) to be the person whose name is subscribed to the within instrument and acknowledged that he/she executed the same in his/her authorized capacity, and that by signing his/her signature on the instrument, the person, or the entity upon behalf of which the person acted, executed the instrument.

WITNESS my hand and seal.

_____
Kelly Mitchell Notary Public

KELLY MITCHELL
Notary Public, State of Nevada
Appointment No. 08-7504-1
My Appt. Expires July 10, 2012

Order No.: 45010-11-31676G1
Guarantee No.: 45010-11-31676G1-01

**EXHIBIT "A"**

LOT ONE (1) IN BLOCK ONE (1) OF SPINNAKER HOMES AT SUNRISE MOUNTAIN UNIT 1, AS
SHOWN BY MAP THEREOF ON FILE IN BOOK 86 OF PLATS, PAGE 32 RECORDED
SEPTEMBER 28, 1998 IN BOOK 980928 AS DOCUMENT NO. 00600 AND AMENDED BY A
CERTAIN CERTIFICATE OF AMENDMENT RECORDED NOVEMBER 16, 1998 IN BOOK 981116
AS DOCUMENT NO. 01413 IN THE OFFICE OF THE COUNTY RECORDER OF CLARK COUNTY,
NEVADA.

**STATE OF NEVADA**
**DECLARATION OF VALUE**

1.  Assessor Parcel Number(s)
    a. 140-34-312-001
    b. _____
    c. _____
    d. _____

2.  Type of Property:
    a. ☐ Vacant Land          b. ☒ Single Fam. Res.
    c. ☐ Condo/Twnhse         d. ☐ 2-4 Plex
    e. ☐ Apt. Bldg            f. ☐ Comm'l/Ind'l
    g. ☐ Agricultural         h. ☐ Mobile Home
       ☐ Other

| FOR RECORDERS OPTIONAL USE ONLY |
|---|
| Book_____ Page:_____ |
| Date of Recording: _____ |
| Notes: |

3.a. Total Value/Sales Price of Property        $ 6,000.00
   b. Deed in Lieu of Foreclosure Only (value of property ( _____ )
   c. Transfer Tax Value:                        $ 6,000.00
   d. Real Property Transfer Tax Due             $ 30.60

4.  **If Exemption Claimed:**
    a. Transfer Tax Exemption per NRS 375.090, Section_____
    b. Explain Reason for Exemption: _____

5.  Partial Interest: Percentage being transferred: _____%

The undersigned declares and acknowledges, under penalty of perjury, pursuant to NRS 375.060 and NRS 375.110, that the information provided is correct to the best of their information and belief, and can be supported by documentation if called upon to substantiate the information provided herein. Furthermore, the parties agree that disallowance of any claimed exemption, or other determination of additional tax due, may result in a penalty of 10% of the tax due plus interest at 1% per month. Pursuant to NRS 375.030, the Buyer and Seller shall be jointly and severally liable for any additional amount owed.

Signature _____    Capacity: Grantee

Signature _____    Capacity: _____

**SELLER (GRANTOR) INFORMATION**          **BUYER (GRANTEE) INFORMATION**
**(REQUIRED)**                            **(REQUIRED)**
Print Name: Absolute Collection Services   Print Name: Spinnaker Point Trust
Address: PO Box 12117                      Address: PO Box 36208
City: Las Vegas                            City: Las Vegas
State: NV      Zip: 89112                  State: NV    Zip: 89133

**COMPANY/PERSON REQUESTING RECORDING (Required if not seller or buyer)**
Print Name: CAMCO                          Escrow # N/A-foreclosure
Address: PO Box 12117
City: Las Vegas                            State: NV    Zip: 89112

AS A PUBLIC RECORD THIS FORM MAY BE RECORDED/MICROFILMED

# EXHIBIT 12 – GRANT BARGAIN SALE DEED

APN: 140-34-312-001
ffix R.P.T.T. $   0.00

**WHEN RECORDED MAIL TO and MAIL TAX STATEMENT TO:**
**RIVER GLIDER AVENUE TRUST**
**900 S. LAS VEGAS BLVD #810**
**LAS VEGAS, NV 89101**

Inst #: 201206280002846
Fees: $19.00 N/C Fee: $25.00
RPTT: $0.00 Ex: #007
06/28/2012 02:10:50 PM
Receipt #: 1215933
Requestor:
**RESOURCES GROUP**
Recorded By: RNS  Pgs: 4
**DEBBIE CONWAY**
**CLARK COUNTY RECORDER**

ESCROW NO:

## GRANT, BARGAIN, SALE DEED

THIS INDENTURE WITNESSETH: That Resources Group LLC, a Nevada Limited Liability Company as Trustee for the Spinnaker Point Avenue Trust dated 02/14/2012 who acquire title as Spinnaker Point Avenue Trust

in consideration of $10.00 and other valuable consideration, the receipt of which is hereby acknowledged, do hereby Grant, Bargain, Sell and Convey to

River Glider Avenue Trust

all that real property situated in the County of Clark, State of Nevada, bounded and described as follows:

**SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF.**

Subject to:    1.  Taxes for the current fiscal year, paid current.
               2.  Conditions, covenants, restrictions, reservations, rights, rights of way and easements now of record, if any.

Together with all and singular the tenements, hereditaments and appurtenances thereunto belonging or in anywise appertaining.

Witness my/our hand(s) this _____ day of _____, ___.

Spinnaker Point Avenue Trust
By: Resources Group LLC, a Nevada Limited
Liability Company

By_____
     Iyad Haddad, Manager

STATE OF NEVADA
COUNTY OF CLARK        } ss:

On this _____ June 27, 2012 _____
appeared before me, a Notary Public,

_____ IGOR HADDAD _____



personally known or proven to me to
be the person(s) whose name(s) is/are
subscribed to the above instrument,
who acknowledged that he/she/they
executed the instrument for the
purposes therein contained.

Notary Public _____ Krysta Sitko _____

My commission expires: _____ 4/12/16 _____

NOTARY PUBLIC
STATE OF NEVADA
County of Clark
KRYSTA SITKO
Appt. No. 04-88388-1
My Appt. Expires April 12, 2016

Branch :FLV,User :CON2                                    Comment:                                    Station Id :REOR

**LEGAL DESCRIPTION**

**EXHIBIT "A"**

Assessor's Parcel No:  140-34-312-001

LOT ONE (1) IN BLOCK ONE (1) OF SPINNAKER HOMES AT SUNRISE MOUNTAIN UNIT 1, AS
SHOWN BY MAP THEREOF ON FILE IN BOOK 86 OF PLATS, PAGE 32 RECORDED SEPTEMBER
28, 1998 IN BOOK 980928 AS DOCUMENT NO. 00600 AND AMENDED BY A CERTAIN
CERTIFICATE OF AMENDMENT RECORDED NOVEMBER 16, 1998 IN BOOK 981116 AS
DOCUMENT NO. 01413 IN THE OFFICE OF THE COUNTY RECORDER OF CLARK COUNTY,
NEVADA.

**STATE OF NEVADA**
**DECLARATION OF VALUE FORM**

1.  Assessor Parcel Number(s) ☐
    a)  140-34-312-001_____
    b)  _____
    c)  _____
    d)  _____

2.  Type of Property:
    a) ☐ Vacant Land      b) ☑ Single Fam. Res.
    c) ☐ Condo/Twnhse    d) ☐ 2-4 Plex
    e) ☐ Apt. Bldg.       f) ☐ Comm'l/Ind'l
    g) ☐ Agricultural     h) ☐ Mobile Home
    i) ☐ Other ____

    ┌─────────────────────────────────────────┐
    │ **FOR RECORDER'S OPTIONAL USE ONLY**     │
    │ Document/Instrument #_____ │
    │ Book:_____ Page:_____  │
    │ Date of Recording:_____  │
    │ Notes: _____  │
    └─────────────────────────────────────────┘

3.  a.  Total Value/Sales Price of Property:              $_____
    b.  Deed in Lieu of Foreclosure Only (value of property):  (0.00_____)
    c.  Transfer Tax Value:                               $0.00
    d.  Real Property Transfer Tax Due:                   $ 0.00_____

4.  **If Exemption Claimed:**
    a.  Transfer Tax Exemption, per NRS 375.090, Section: _7____
    b.  Explain Reason for Exemption: Transfer from Trust to a Trust without consideration

5.  Partial Interest: Percentage being transferred: ___%

The undersigned Seller/(Grantor)/Buyer (Grantee), declares and acknowledges, under penalty of perjury, pursuant to NRS 375.060 and NRS 375.110, that the information provided is correct to the best of their information and belief, and can be supported by documentation if called upon to substantiate the information provided herein. Furthermore, the parties agree that disallowance of any claimed exemption, or other determination of additional tax due, may result in a penalty of 10% of the tax due plus interest at 1% per month. Pursuant to NRS 375.030, the Buyer and Seller shall be jointly and severally liable for any additional amount owed.

Signature_____   Capacity  Grantor_____

Signature_____   Capacity  Grantee_____

| **SELLER (GRANTOR) INFORMATION**<br>(REQUIRED) | **BUYER (GRANTEE) INFORMATION**<br>(REQUIRED) |
|---|---|
| Print Name:  Spinnaker Point Avenue Trust | Print Name:  River Glider Avenue Trust |
| Address:  900 S. Las Vegas Blvd #810 | Address:  900 S LAS VEGAS BIVD # 810 |
| City, St., Zip:  Las Vegas, NV 89101 | City, St., Zip:  LAS VEGAS NV 89101 |

**COMPANY REQUESTING RECORDING**

Print Name:   River Glider Avenue Trust
Address:       900 S. Las Vegas Blvd #810_____
City/State/Zip: Las Vegas, NV 89101

AS A PUBLIC RECORD THIS FORM MAY BE RECORDED/MICROFILMED

# EXHIBIT 13 – GRANT BARGAIN SALE DEED



Inst #: 20140709-0002265
Fees: $19.00 N/C Fee: $0.00
RPTT: $0.00 Ex: #007
07/09/2014 09:30:24 AM
Receipt #: 2082581
Requestor:
FIDELITY NATIONAL TITLE
Recorded By: RNS   Pgs: 4
DEBBIE CONWAY
CLARK COUNTY RECORDER

APN: 140-34-312-001
Affix R.P.T.T. $Exempt 7

**RECORDING REQUESTED BY:**
**FIDELITY NATIONAL TITLE**
**WHEN RECORDED MAIL TO and MAIL TAX**
**STATEMENT TO:**
**SATICOY BAY LLC**
**P.O. BOX 36208**
**LAS VEGAS, NV  89133**
**ESCROW NO:  ACCOMMODATION ONLY**

## GRANT, BARGAIN, SALE DEED

THIS INDENTURE WITNESSETH: That

    Iyad Haddad, Trustee of the Spinnaker Point Trust dated 02/14/12 who acquired title as Spinnaker Point Trust

in consideration of $10.00 and other valuable consideration, the receipt of which is hereby acknowledged, do hereby Grant, Bargain, Sell and Convey to

    Saticoy Bay LLC Series 5982 Spinnaker Point Avenue

all that real property situated in the County of Clark, State of Nevada, bounded and described as follows:

**SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF.**

Subject to:   1.  Taxes for the current fiscal year, paid current.
          2.  Conditions, covenants, restrictions, reservations, rights, rights of way and
             easements now of record, if any.

Together with all and singular the tenements, hereditaments and appurtenances thereunto belonging or in anywise appertaining.

Witness my/our hand(s) this 25th day of June 20.14

Spinnaker Point Trust dated 02/14/12 2-14-12

_____         _____
By: Iyad Haddad, Trustee


_____         _____


STATE OF NEVADA
COUNTY OF CLARK                } SS:

On this _June 25, 2014_
appeared before me, a Notary Public,

_Iyad Haddad_

personally known or proven to me to
be the person(s) whose name(s) is/are
subscribed to the above instrument,
who acknowledged that he/she/they
executed the instrument for the
purposes therein contained.


Notary Public _Krysta Sitko_

My commission expires: _4/12/16_



**NOTARY JURAT FOR GRANT, BARGAIN, SALE DEED**
**FOR ESCROW NO.: 00001297-001LEC**

Branch :FLV,User :CON2                    Comment:                                        Station Id :REOR

~~Title No. FT13-FT00001297~~

**LEGAL DESCRIPTION**

**EXHIBIT "A"**

Assessor's Parcel No:  140-34-312-001

LOT ONE (1) IN BLOCK ONE (1) OF SPINNAKER HOMES AT SUNRISE MOUNTAIN UNIT 1, AS SHOWN BY MAP THEREOF ON FILE IN BOOK 86 OF PLATS, PAGE 32 RECORDED SEPTEMBER 28, 1998 IN BOOK 980928 AS DOCUMENT NO. 00600 AND AMENDED BY A CERTAIN CERTIFICATE OF AMENDMENT RECORDED NOVEMBER 16, 1998 IN BOOK 981116 AS DOCUMENT NO. 01413 IN THE OFFICE OF THE COUNTY RECORDER OF CLARK COUNTY, NEVADA.

Branch :FLV,User :CON2                    Comment:                                    Station Id :REOR

# STATE OF NEVADA
# DECLARATION OF VALUE FORM

1. Assessor Parcel Number(s) ☐
   a) <u>140-34-312-001</u>
   b) _____
   c) _____
   d) _____

2. Type of Property:
   a) ☐ 0.00 Vacant Land    b) ☑ Single Fam. Res.
   c) ☐ Condo/Twnhse    d) ☐ 2-4 Plex
   e) ☐ Apt. Bldg.    f) ☐ Comm'l/Ind'l
   g) ☐ Agricultural    h) ☐ Mobile Home
   i) ☐ Other ____

| FOR RECORDER'S OPTIONAL USE ONLY |
| --- |
| Document/Instrument #_____ |
| Book:_____ Page:_____ |
| Date of Recording:_____ |
| Notes: _____ |

3. Total Value/Sales Price of Property:                          $0.00
   Deed in Lieu of Foreclosure Only (value of property):    (0.00                    )
   Transfer Tax Value:                                             $0.00
   Real Property Transfer Tax Due:                          $  0.00

4. **If Exemption Claimed:**
   a.  Transfer Tax Exemption, per NRS 375.090, Section: 7
   b.  Explain Reason for Exemption: Transfer from a trust without consideration

5. Partial Interest: Percentage being transferred: ____%

The undersigned Seller/(Grantor)/Buyer (Grantee), declares and acknowledges, under penalty of perjury, pursuant to NRS 375.060 and NRS 375.110, that the information provided is correct to the best of their information and belief, and can be supported by documentation if called upon to substantiate the information provided herein. Furthermore, the parties agree that disallowance of any claimed exemption, or other determination of additional tax due, may result in a penalty of 10% of the tax due plus interest at 1% per month.

**Pursuant to NRS 375.030, the Buyer and Seller shall be jointly and severally liable for any additional amount owed.**

Signature_____    Capacity_Grantor_____
Signature_____    Capacity_Grantee_____

| SELLER (GRANTOR) INFORMATION (REQUIRED) | | BUYER (GRANTEE) INFORMATION (REQUIRED) |
| --- | --- | --- |
| Print Name | Spinnaker Point Trust dated 2/14/12 | Print Name: | Saticoy Bay LLC Series 5982 Spinnaker Point |
| Address: | P.O. Box 36208 | Address: | P.O. Box 36208 |
| City, St., Zip: | Las Vegas, NV 89133 | City, St., Zip: | Las Vegas, NV 89133 |

## COMPANY REQUESTING RECORDING

Print Name:   Fidelity National Title Agency of Nevada, Inc.        Escrow #:Accomodation
Address:         500 N. Rainbow Blvd., Suite 100
City/State/Zip: Las Vegas, NV 89107

AS A PUBLIC RECORD THIS FORM MAY BE RECORDED/MICROFILMED