**MAURICE WUTSCHER LLP**
Patrick J. Kane (*Pro Hac Vice*)
440 Stevens Avenue, Suite 200
Solana Beach, California 92075
Phone No.: (858) 381-7860
Email: pkane@mauricewutscher.com

*Attorney for Plaintiff/Counter-Defendant,
PROF-2013-M4 Legal Title Trust IV, by
U.S. Bank National Association, as Legal
Title Trustee*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| PROF-2013-M4 LEGAL TITLE TRUST IV, BY U.S. BANK NATIONAL ASSOCIATION, AS LEGAL TITLE TRUSTEE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SPINNAKER POINT AVENUE TRUST; RIVER GLIDER AVENUE TRUST; SATICOY BAY, LLC SERIES 5982 SPINNAKER POINT AVENUE; MOUNTAIN GATE AT SUNRISE MOUNTAIN HOMEOWNERS' ASSOCIATION; ABSOLUTE COLLECTION SERVICES, LLC,<br><br>　　　　Defendant.<br><br>SATICOY BAY, LLC SERIES 5982 SPINNAKER POINT AVENUE,<br><br>　　　　Counterclaimant,<br><br>　　vs.<br><br>PROF-2013-M4 LEGAL TITLE TRUST IV, BY U.S. BANK NATIONAL ASSOCIATION, AS LEGAL TITLE TRUSTEE,<br><br>　　　　Counter-Defendant | Case No.: 2:17-cv-00445-APG-VCF<br><br>**STIPULATION AND ORDER TO CONTINUE TRIAL**<br><br>**[SECOND REQUEST TO CONTINUE TRIAL]**<br><br>**Current Trial Date: September 12, 2022**<br>**Trial Calendar Call: August 25, 2022**<br>**Proposed New Trial Date: March 14, 2023** |

IT IS HEREBY STIPULATED Plaintiff/Counter-Defendant, PROF-2013-M4-Legal Title Trust IV, by U.S. Bank National Association, ("Trustee"), Defendant Mountain Gate at Sunrise Mountain Homeowners' Association ("Mountain Gate"), Defendants and Counterclaimants Saticoy Bay, LLC Series 5982 and Spinnaker Point Avenue ("Defendants") (collectively, the "Parties"), by their attorneys, hereby submit the following Stipulation and Order to Continue the March 14, 2022 by one hundred and eighty days (180) pursuant to LR IA 6-1 and LR 7-1.  This is the Parties' second request to continue the currently scheduled trial date and is submitted in good faith and not intended to cause any delay to this Court.

## RECITALS

WHEREAS, Trustee's predecessor-in-interest filed the instant action on February 9, 2017. *See* Dkt. 1.

WHEREAS, on April 12, 2017, the instant action was stayed (the "Stay"). *See* Dkt. 21.

WHEREAS, on August 10, 2017, this Court lifted the Stay. *See* Dkt. 26.

WHEREAS, on August 22, 2017 Trustee's predecessor-in-interest filed an Amended Complaint asserting the following claims: (1) quiet title; (2) declaratory relief; (3) permanent and preliminary injunction; and (5) unjust enrichment (the "FAC"). *See* Dkt. 27.

WHEREAS, on October 10, 2019, Defendants filed their Answer and Affirmative Defenses to the FAC and filed the following counterclaims against the Trustee: (1) quiet title; and (2) declaratory relief. *See* Dkt. 49.

WHEREAS, on October 10, 2019, Defendants renewed their previously filed Motion to Dismiss. *See* Dkt. 50.

WHEREAS, on April 20, 2020, the Parties filed a "Stipulation for Extension of Time Re: Discovery," which this Court granted on April 20, 2020. *See* Dkt. 69-70.

WHEREAS, on August 10, 2020, this Court granted Second Motion to Dismiss in part dismissing all of the FAC's causes of action with the exception of Trustee's unjust enrichment claim. *See*, Dkt. 76.

WHEREAS, on September 7, 2020, Trustee filed a motion for reconsideration requesting this Court reconsider its Order on Defendants' Motion to Dismiss based upon changes in

applicable case law that occurred after Defendants' Motion to Dismiss was fully briefed.  *See* Dkt. at 80.

WHEREAS, on March 3, 2021, the Court denied Trustee's Motion for Reconsideration.  *See* Dkt. at 85.

WHEREAS, on May 4, 2021, this Court set this matter for a bench trial on March 14, 2022 while separately setting this matter for a March 8, 2022 calendar call.  *See* Dkt. 90.

WHEREAS, on August 31, 2021, the Parties attended a mandatory settlement conference before the Honorable Magistrate Elayna J. Yochah.  *See* Dkt. 90.

WHEREAS, the Parties did not reach a settlement due to the pending statute of limitation question raised by the Ninth Circuit Court of Appeals, which was certified to the Nevada Supreme Court captioned as *U.S. Bank v. Thunder Props., Inc.*, Supreme Court Case No. 8112 ("*Thunder Props*").  Because the outcome in *Thunder Props* would likely bear upon the application of the statute of limitation in this case.  *See* Dkt. 98.

WHEREAS, on August 31, 2021, the Honorable Magistrate Elayna J. Yochah issued an Order: (1) continuing the settlement conference to date after the Nevada Supreme Court issued its opinion in *Thunder Props*; and (2) instructing the Parties to file a joint status report within ten days of a decision in *Thunder Props* being issued while separately requesting the Parties submit three dates of availability to attend a second settlement conference.  *See* Dkt. 98.

WHEREAS, on February 2, 2022, the Nevada Supreme Court issued its Opinion in *Thunder Props* holding that: (1) "declaratory relief actions are not categorically exempt from statutes of limitations under *City of Fernley v. Nevada Department of Taxation*, 366 P.3d 699 (Nev. 2016)"; (2) NRS 11.220's four year "catch all" statute of limitations applies to actions seeking to determine the validity of a lien under NRS 40.010; and (3) the four-year statute of limitations begins to run when "the titleholder affirmatively repudiates the lien, which does not necessarily happen at the foreclosure sale."  *See* Dkt. 101

WHEREAS, on February 10, 2022, the Parties filed their Joint Status Report outlining the holding of the *Thunder Props* decisions and providing the following dates to attend a second settlement conference: (1) March 4, 2022; (2) March 9, 2022; or (3) April 8, 2022.  *See* Dkt. 101.

WHEREAS, Honorable Magistrate Elayna J. Yochah scheduled the continued settlement conference for May 31, 2022.

WHEREAS, Trustee's counsel contracted COVID-19 and could not attend the settlement conference as a result so the settlement conference was reset for August 11, 2022 at 9:00 a.m.

WHEREAS, the Parties attended the August 11, 2022 settlement conference and while the matter did not settle, the Parties believe they made progress towards reaching a settlement.

WHEREAS, trial is currently scheduled for September 12, 2022.

WHEREAS, Trustee previously filed a Motion to Reconsider the Court's Order granting Defendants' Motion to Dismiss in light of the *Thunder Props'* holding concerning what triggers the applicable statute of limitation ("Motion to Reconsider").  *See*, Dkt. 104

WHEREAS, Trustee's Motion to Reconsider is fully briefed and the Court has not yet issued its ruling on said Motion.

WHEREAS, the Parties cannot move forward until Trustee's Motion to Reconsider is ruled upon as the pleadings will remain unsettled until a ruling is received.

WHEREAS, the loan at issue was recently sold to a new investor and service transferred to a new loan servicer requiring the new investor substitute into this matter.

WHEREAS, there have been additional delays in this litigation due to the COVID-19 pandemic and resulting government, court and health orders and restrictions, including Trustee's counsel contracting COVID-19 at the end of May 2022.

WHEREAS, the parties have been diligent in attempting to bring this matter to a conclusion, including settlement discussions and conducting discovery.

WHEREAS, the Parties need additional time to complete settlement discussions and for the Court to rule on Trustee's Motion to Reconsider in light of the recent *Thunder Props* holding so the parties can narrow down the issues in this litigation before moving forward with dispositive motion practice and trial preparation.

WHEREAS, the Parties agree that, subject to this Court's approval, the September 12, 2022 trial date should be continued for at least one hundred and eighty days (180) or to a date convenient for this Court to allow the Parties additional time continue their good faith attempts

to settle this litigation now that they have the benefit of guidance from the Nevada Supreme Court on the statute of limitation issue in this case and, after the parties obtain a ruling on Trustee's Motion to Reconsider in light of the new applicable case law.

*Agreement*

**NOW THEREFORE, IT IS HEREBY STIPULATED** by and between the Parties to this litigation as follows:

1. The September 12, 2022 trial date be continued for at least 180 days, or to a date convenient to this Court.

Dated: August 12, 2022   **MAURICE WUTSCHER LLP**

*/s/ Patrick J. Kane*
Patrick J. Kane (*Pro Hac Vice*)
440 Stevens Avenue, Suite 200
Solana Beach, California 92075
Phone No.: (858) 381-7860
Email: pkane@mauricewutscher.com

*Attorneys for Plaintiff/Counter-Defendant, PROF-2013-M4 Legal Title Trust IV, by U.S. Bank National Association, as Legal Title Trustee*

Dated: August 12, 2022   **BOYACK ORME ANTHONY & MCKIEVER**

*/s/ Patrick Orme*
Patrick A. Orne
7432 W. Sahara Ave.
Las Vegas, Nevada 89117
Phone No.: (702) 562-3415
Email: Patrick@boyacklaw.com

*Attorneys for Defendant, MOUNTAIN GATE AT SUNRISE MOUNTAIN HOMEOWNERS' ASSOCIATION*

Dated: August 12, 2022   **ROGER P. CROTEAU & ASSOCIATES**

*/s/ Christopher L. Benner*

Christopher L. Benner
2810 Charleston Boulevard, No. H-75
Las Vegas, Nevada 89102
Phone No.: (702) 254-7775
Email: chris@croteaulaw.com

*Attorneys for Defendant and Counterclaimants,*

*SPINNAKER POINT AVENUE TRUST, RIVER GLIDER AVENUE TRUST, and SATICOY BAY, LLC SERIES 5982 SPINNAKER POINT AVENUE*

**Signature Attestation**

I hereby attest under the penalty of perjury that on August 12, 2022, counsel for defendants approved this Stipulation and gave me permission to electronically sign this Stipulation on his behalf.

/s/ Patrick J. Kane
Patrick Kane

**ORDER**

This case is set for court trial on the stacked calendar on March 27, 2023 at 9:00 a.m. Calendar call will be held on March 21, 2023 at 9:00 a.m. in Courtroom 6C.

IT IS SO ORDERED:

Dated: August 15, 2022

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE