UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| PROF-2013-M4 LEGAL TITLE TRUST IV, By U.S. BANK NATIONAL ASSOCIATION as Legal Title Trustee,<br><br>Plaintiff<br><br>v.<br><br>SPINNAKER POINT AVENUE TRUST, et al.,<br><br>Defendants | Case No.: 2:17-cv-00445-APG-EJY<br><br>**Order Granting Motion for Reconsideration**<br><br>[ECF No. 104] |

Plaintiff PROF-2013-M4 Legal Title Trust IV, By U.S. Bank National Association as Legal Title Trustee (PROF) sued to determine whether a deed of trust still encumbered property located at 5982 Spinnaker Point Avenue in Las Vegas following a non-judicial foreclosure sale conducted by a homeowners association (HOA). Defendant Spinnaker Point Avenue Trust (Spinnaker) purchased the property at the HOA sale and later transferred it to River Glider Avenue Trust (River), who subsequently transferred it to Saticoy Bay, LLC Series 5982 Spinnaker Point Avenue (Saticoy). Spinnaker, River, and Saticoy (collectively, the purchaser defendants) counterclaimed to quiet title.

I previously dismissed PROF's declaratory relief claims as time barred. ECF No. 76. In doing so, I ruled that PROF's declaratory relief claims were governed by a four-year limitation period that ran from the date of the HOA foreclosure sale. *Id.* at 3. The parties later attended a settlement conference during which they agreed to stay this case pending a decision by the Supreme Court of Nevada regarding the proper limitation period for the type of claims PROF was asserting. ECF No. 98. Following the Supreme Court of Nevada's decision in *U.S. Bank,*

*N.A. as Trustee for Specialty Underwriting & Residential Finance Trust Mortgage Loan Asset-Backed Certificates Series 2006-BC4 v. Thunder Properties, Inc.*, 503 P.3d 299 (Nev. 2022) (en banc), PROF moves for reconsideration of my order dismissing its declaratory relief claims as untimely. The purchaser defendants oppose reconsideration.

A district court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient," so long as it has jurisdiction. *City of L.A., Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (quotation and emphasis omitted); *see also Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12 (1983) (citing Fed. R. Civ. P. 54(b)). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). A district court also may reconsider its decision if "other, highly unusual, circumstances" warrant it. *Id.*

Here, there has been a change in controlling law. After I issued my decision, the Supreme Court of Nevada decided *Thunder Properties*. In *Thunder Properties*, the court held that the four-year catch-all statute of limitations in Nevada Revised Statutes (NRS) § 11.220 applies to claims like PROF's to determine the validity of a deed of trust under NRS § 40.010. 503 P.3d at 302, 305-06. The Supreme Court of Nevada also held that an "HOA foreclosure sale, standing alone, is not sufficient to trigger the period." *Id.* at 306. Rather, "the limitations period does not begin to run until the lienholder receives notice of some affirmative action by the titleholder to repudiate the lien or that is otherwise inconsistent with the lien's continued existence." *Id.*

I therefore reconsider my order dismissing the amended complaint under the new legal standard set forth in *Thunder Properties*. "A claim may be dismissed as untimely pursuant to a 12(b)(6) motion only when the running of the statute of limitations is apparent on the face of the complaint." *United States ex rel. Air Control Techs., Inc. v. Pre Con Indus., Inc.*, 720 F.3d 1174, 1178 (9th Cir. 2013) (simplified).

It is not apparent from the face of the amended complaint that PROF's declaratory relief claims are time-barred under *Thunder Properties*. The amended complaint alleges the facts of the HOA foreclosure sale, but *Thunder Properties* states that the fact of the sale alone does not trigger the limitation period. There are no allegations that after the sale, PROF[1] was on notice of some affirmative action taken by the purchaser defendants to repudiate the deed of trust.

The purchaser defendants argue that language in the Grant, Bargain, Sale Deed that was recorded in June 2012 transferring the property from Spinnaker to River put PROF on notice that the property owners disputed that the deed of trust encumbered the property.[2] The June 2012 deed states that Spinnaker transferred the property "[s]ubject to . . . [t]axes for the current fiscal year, paid current . . . [and] [c]onditions, covenants, restrictions, reservations, rights, rights of way and easements now of record, if any." ECF No. 27-12 at 2. The purchaser defendants argue that because the deed of trust is not mentioned as a lien to which the property is "subject," this document put PROF on notice that the property owners were repudiating the lien.

---

[1] References to PROF include PROF's predecessor beneficiaries of record under the deed of trust.

[2] The Grant, Bargain, Sale Deed is attached to the amended complaint, so I may consider it in ruling on a motion to dismiss. *See* ECF No. 27 at 5 & n.12; 27-12; *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (stating that "a court may consider material which is properly submitted as part of the complaint on a motion to dismiss without converting the motion to dismiss into a motion for summary judgment" (quotation omitted)).

However, the language also refers to "rights . . . now of record," which conceivably could include the recorded deed of trust. At least at the dismissal stage, it is not apparent from the face of the amended complaint that this language put PROF on notice that the title holders repudiated the lien or is otherwise inconsistent with the lien's continued existence. I therefore grant PROF's motion to reconsider and reinstate PROF's declaratory relief claims in the amended complaint.

I THEREFORE ORDER that plaintiff PROF-2013-M4 Legal Title Trust IV, By U.S. Bank National Association, as Legal Title Trustee's motion for reconsideration **(ECF No. 104) is GRANTED**. The plaintiff's declaratory relief claims in the amended complaint (ECF No. 27) are not untimely and therefore are reinstated as pending claims in this case.

DATED this 22nd day of August, 2022.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE